## Hunter, to use of Holgate, Appellant, v. Mahoney.

*Judgment note—Opening of judgment—Discretion of court.*

The opening of a judgment is an equitable proceeding within the discretion of the court, and the Supreme Court, on appeal, will reverse only if it appear that this discretion was not properly exercised.

Defendant's petition for a rule to open judgment, entered on a judgment note, averred payment of the note. The note had been assigned. No answer was made by the plaintiff, but the use plaintiff in an answer denied the allegations in the petition. Depositions taken in support of the rule showed a conflict of testimony as to the question of payment.

*Held*, that there was no doubt of the propriety of the action of the court below in opening the judgment.

Argued Feb. 26, 1892.  Appeal, No. 293, Jan. T., 1892, by plaintiff, Charles A. Hunter, to the use of R. H. Holgate, from order of C. P. Lackawanna Co., Nov. T., 1889, No. 376, opening judgment entered against defendant, A. Mahoney.  Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and HEYDRICK, JJ.

Rule to open judgment entered on judgment note.

Judgment was entered on a note under seal.  Defendant petitioned for a rule to open the judgment, averring that the note in suit had been paid, and that deponent was in no way indebted to the plaintiff.  The use plaintiff filed an answer

denying that the note had ever been paid in whole or in part, and alleging that defendant at various other times had dealings with the plaintiff, evidenced by other notes. The note was dated September 2, 1885, at two days, and was for $110. Depositions were taken in support of the rule, and defendant testified therein that he had paid the note and had borrowed no other money of the plaintiff. Other witnesses testified to a payment made by defendant to plaintiff in September, 1885, of $100, and one witness that at that time defendant stated to him that on his asking for settlement of an account, defendant stated that he had just paid a note of $110. Depositions were taken against the rule, and plaintiff testified therein that he had loaned defendant $100 in July, 1885, that the payment in September was of this loan, and that the note in suit had never been paid. In this he was corroborated by the testimony of his niece.

The judgment having been opened, upon trial there was a verdict for defendant and judgment thereon. Plaintiff appealed.

*Errors assigned* were (1) making absolute the rule to open judgment; (2) opening the judgment.

*J. Alton Davis*, of *Connolly & Davis*, with him *R. H. Holgate, p. p.*, for appellant.

*E. C. Newcomb, George W. Beale* with him, for appellee.

PER CURIAM, March 28, 1892:

The only specification of error is, that the court below erred in opening the judgment. This is an equitable proceeding, as we have repeatedly said, and we find nothing in the case to show that the discretion of the court below was not properly exercised. The facts alleged in the defendant's petition, if true, were sufficient to justify the action of the court. No answer was filed by the plaintiff to this petition. The plaintiff's allegations, therefore, stood confessed, and this alone would have justified the court below in opening the judgment. It is true there was an answer filed by the use plaintiff, but it referred to matters of which he could have had no knowledge, except by hearsay. An examination of the depositions, taken for and against the rule to open the judgment, leaves us in no doubt as to the propriety of the action of the court below.

Judgment affirmed.