176   337
186   617

# Amanda Heiss *v.* Joseph Banister.    Appeal of Rebecca E. Peters.

*Opening judgment — Petition—Corroborating proof—Ground rent—Presumption of extinguishment thereof.*

Where the petition of the terre tenant to open a judgment for arrears of ground rent sets forth that for tweny-five years preceding the filing of the petition no payment, claim or demand had been made for any ground rent, nor any declaration or acknowledgment of the existence of such ground rent had been made during that period by the owners of the premises, and that the terre tenant had no notice of the suit until the advertisement of the sheriff's sale of the property, when she at once presented her petition; and where the depositions taken supported the allegations in the petition, the judgment should be opened and the terre tenant admitted to her defense; particularly where it is clear that plaintiff had a judgment for twice as much as she would be entitled to even if the terre tenant failed to establish her defense.

· *Opening judgment—Effect of filing no answer to petition.*

Independent of the testimony taken by depositions in support of the rule, the court would have been justified in opening the judgment where there is no answer filed denying the facts alleged in the petition.

Argued April 1, 1896. Appeal No. 53, Jan. T., 1896, by Rebecca E. Peters, terre tenant, from order of C. P. No. 3, Phila. Co., March T., 1892, No. 404, dismissing rule to open judgment. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Petition and rule to open judgment against terre tenant.

The facts sufficiently appear from the opinion of the Supreme Court.

In the deposition of Jacob M. Peters, a witness for the petitioner, he said:

"I know that the principal of this ground rent has never been paid nor any part thereof to Mr. Heiss or his representative or to the insurance company."

The court discharged the rule.

*Error assigned* was discharging rule to open judgment and let the terre tenant into a defense.

*E. O. Michener, A. Atwood Grace* with him, for appellant.— After the lapse of twenty years the presumption under the act of 1855 cannot be rebutted: Biddle v. Hooven, 120 Pa. 221; Michener v. Michener, 17 W. N. 266.

A terre tenant has the right to intervene and defend: Gibbs v. Smith, 1 Phila. 400.

The closing sentence of Peters' testimony as drawn out upon cross-examination was improper and irrelevant, and should be disregarded by the court. Besides the plaintiff cannot rebut the presumption of payment which exists by reason of the lack of an acknowledgment of the ground rent under the act of 1855. A ground rent in such case becomes irrecoverable.

*E. W. Magill,* of *Alexander & Magill,* for appellee.—Plaintiff has a right to a separate action to at least her proportion of the arrears of ground rent: Cook v. Brightly, 46 Pa. 439. If she should recover more than she is entitled to she is responsible to

her covenantor therefor: Gillis v. McKinney, 6 W. & S. 78.
Burden of proving no payment, claim or demand is on the defendant: Hallerman v. Ingersoll, 5 Phila. 143.

It is not necessary for a ground rent owner to take notice of the subsequent alienees.  The suit is properly brought against the original covenantor: McQuigg v. Morton, 39 Pa. 31; Elkinton v. Newman, 20 Pa. 281.

If the judgment is for too much the remedy of the appellant is by an application for a correction of the assessment of damages rather than by a rule to open the judgment.

OPINION BY MR. JUSTICE McCOLLUM, July 15, 1896:

This is an appeal from the refusal of the learned court below to open a judgment entered in a suit for arrears of ground rent. The appellant at the time of the institution of the suit was a resident of Philadelphia and the owner of the premises out of which the ground rent issued.  The first notice she had of the suit was derived from the sheriff's advertisement announcing that her property would be sold on the judgment obtained in it. There was nothing upon the record except the pencil indorsement on the writ issued for the purpose of making the sale which indicated that she was recognized by the plaintiff as a terre tenant.  Immediately upon her discovery of the judgment she commenced a proceeding to open it for the purpose of enabling her to interpose her defense to it.  In her petition which was the foundation of the proceeding the defense was fully and clearly disclosed.  The principal facts on which the proposed defense was based may be stated thus: 1. The plaintiff had but a one half interest in the ground rent that was reserved by the deed of April 1, 1853; and 2. That for twenty-five years preceding the filing of the petition no payment, claim or demand had been made for any ground rent under the said deed, nor any declaration or acknowledgment of the existence thereof had been made during that period by any of the owners of the premises.  The petition was sworn to and subscribed by the appellant, and it contained an assertion of her ability to prove its averments.  No answer was filed to it nor evidence offered to controvert any of its allegations.  In addition to the unanswered averments of the petition, testimony corroborative of them was submitted.  Independent of this testimony the court would

have been justified in opening the judgment on the ground that there was no denial by the plaintiff of the facts alleged in the petition: Hunter v. Mahoney, 148 Pa. 232. As the testimony was clearly corroborative of the uncontradicted averments of the petition it was the duty of the court to allow the terre tenant to present her defense against the judgment to a jury.

The plaintiff's claim was founded upon the deed of April 1, 1853, and the will of William Heiss, her husband, who died in 1883. William Heiss and Emanuel Peters were the grantors in the deed and Joseph Banister was the grantee. In 1858 the property described in the deed was sold on a judgment against Joseph Banister for arrears of ground rent and bought by John F. Lamb for Emanuel Peters, who furnished the purchase money, and whose son Jacob M. Peters testified that the property had been continuously in the possession of his father, and those who represented him since that time. Prior to the sale on the Banister judgment Emanuel Peters conveyed his undivided one half interest in the ground rent to the Exchange Mutual Insurance Company, a corporation that collapsed in 1862. There is no suggestion in or dehors the record that the company or any one representing or claiming under it received or demanded any payment for or on account of the ground rent after its failure. It is not claimed that William Heiss or the plaintiff ever acquired the interest in the ground rent which Emanuel Peters conveyed to the Exchange Mutual Insurance Company, or that the plaintiff has any interest in the ground rent reserved by the deed of April 1, 1853, beyond what she may have under and by virtue of the devise of her husband's estate to her. It is clear therefore that she has a judgment for twice as much as she would be entitled to if the terre tenant failed to establish her defense in regard to payment, claim or demand for or on account of the ground rent, or declaration, or acknowledgment by the owner of the premises of the existence thereof.

We think that the testimony in the case considered in connection with the failure of the plaintiff to interpose a denial of any of the averments in the petition made it the duty of the court to open the judgment.

The order discharging the rule to open the judgment is reversed and the rule is reinstated and made absolute.