## William J. Weixel, Appellant, *v.* A. J. Lennox.

*Judgment—Opening judgment—Collateral security.*

On a rule to open a judgment entered upon a note with warrant of attorney to confess judgment, defendant averred that he and the plaintiff had been partners, and that he had drilled oil and gas wells for the firm; that he was paid by a number of promissory notes made in the firm name; that after said notes were given, plaintiff claimed that the firm was not indebted to defendant in the amount thereof, and requested defendant to sign the judgment note in suit as collateral security for the firm's protection; that defendant signed the note without observing that it was made to the order of the plaintiff as an individual instead of to the order of the firm; that before the promissory notes were paid the firm became indebted to defendant for the full amount of the notes. Defendant's allegations were supported by testimony. *Held,* that the judgment should be opened.

Argued Nov. 3, 1896. Appeal, No. 122, Oct. T., 1896, by plaintiff, from order of C. P. No. 1, Allegheny County, June T.,

1896, No. 301, making absolute a rule to open judgment. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Rule to open judgment.

The defendant in his petition for the rule to open judgment averred as follows:

First. That judgment was entered by confession against your petitioner on May 22, 1896, by the above named plaintiff in the sum of $2,781.64, including interest and commission, on a judgment note dated the 25th day of June, 1895, for the sum of $2,500, payable in one day after the date thereof, with warrant of attorney, waiver of exemption, and clause for ten per cent attorney's commission; and a fi. fa. was issued thereon at No. 267, June term, 1896, and an execution attachment at No. 776, June term, 1896, and sundry persons summoned as garnishees.

Second. Your petitioner is not indebted to said plaintiff in said sum of $2,781, or in any other sum upon said note, or in any other manner, or upon any other account. At the time said note was given your petitioner had been engaged in drilling oil or gas wells for the firm of W. J. Weixel & Co., which firm was composed of the plaintiff and your petitioner, and no other person was known by your petitioner to be interested therein. Said plaintiff was in charge of the books and accounts of the firm, and said firm is indebted to your petitioner for services rendered by him in drilling said wells. Instead of paying him cash, said plaintiff was in the habit of giving notes in the firm name, and notes were given to the order of your petitioner as follows:

| Note dated March 29, 1895, at 90 days, | $112.50 |
|---|---|
| "    "    "    29,    "    "    4 months, | 400.00 |
| "    "    "    29,    "    "    90 days, | 500.00 |
| "    "    April 9,    "    "    4 months, | 500.00 |
| "    "    "    11,    "    "    4 months, | 350.00 |
| "    "    June 1,    "    "    90 days, | 466.30 |
| "    "    "    3,    "    "    4 months, | 450.00 |
| "    "    "    3,    "    "    60 days, | 309.00 |
| "    "    "    4,    "    "    90 days, | 300.00 |
|  | $3,387.80 |

After the giving of the said notes the plaintiff claimed that the firm was not indebted to your petitioner to the amount thereof, and requested your petitioner to sign a judgment note as collateral security for their protection, and drew up and presented the note in suit, and your petitioner signed the same without observing that it was made to the order of the plaintiff as an individual instead of to the order of the firm, but he avers that it was given solely as collateral security to indemnify the firm against loss, if upon settlement of accounts.it should prove that the firm was not indebted to your petitioner to the full amount thereof. Before said notes were paid your petitioner avers that the firm was indebted to him to the full amount of said notes and more for services rendered as aforesaid, and that he therefore owed the firm nothing upon said note, neither was he indebted to the plaintiff.

Third. Afterwards said plaintiff claimed that F. J. Weixel, Wm. M. Kennedy and A. M. Marshall were partners with himself, doing business as W. J. Weixel & Company, and brought a suit against your petitioner at No. 62, May term, 1896, in the court of common pleas No. 3, of Allegheny county, wherein they claimed a balance due them from your petitioner of $4,640.45 with interest from January 1, 1896, and, in an itemized statement attached to their statement of claim, charged to your petitioner with cash paid as follows, to wit:

| | | | | | | |
|---|---|---|---|---|---|---|
| July 3, | 1895 | . | . | . | . | . $112.50 |
| August 2, | " | . | . | . | . | . 400.00 |
| July 2, | " | . | . | . | . | . 500.00 |
| August 12, | " | . | . | . | . | . 500.00 |
| August 12, | " | . | . | . | . | . 350.00 |
| September 3, | " | . | . | . | . | . 460.30 |
| October 3, | " | . | . | . | . | . 450.00 |
| August 5, | " | . | . | . | . | . 309.00 |
| September 4, | " | . | . | . | . | . 300.00 |

the amounts being the same as the amounts of the notes and the dates at or about the maturity of said notes, except the note dated June 1, 1895, at ninety days for $466.30, the amount paid on September 3, being $460.30, and deponent thinks that this is a clerical error of plaintiff's.

Fourth. Your petitioner filed an affidavit of defense in the

suit mentioned in the third section thereof and denied that he was indebted to the plaintiffs therein in the sum claimed, or in any other sum, but on the contrary averred that he himself had been a member of the firm of W. J. Weixel & Company and that partnership accounts could not be settled in an action of this kind, and also averred that the plaintiffs are indebted to him in the sum of $5,507.03 for which he claimed a certificate in his favor, and the case is now waiting trial.

Fifth. Your petitioner has had no business dealings with W. J. Weixel individually, and is not indebted to him in any account whatever, and the judgment in this case was wholly without consideration except as stated above.

Plaintiff filed an answer denying the material averments of the petition.

The deposition of H. G. Wasson, who was the only witness, tended to support the averments of the petition.

The court made absolute the rule to open the judgment.

*Error assigned* was above order.

*F. P. Sproul*, with him *Thomas M. Marshall, Jr.*, for appellant, cited, Jenkintown Nat. Bank's App., 124 Pa. 345; Knarr v. Elgren, 19 W. N. C. 531; Beaty v. Bordwell, 91 Pa. 438; Gardener's App., 44 Leg. Int. 357; English's App., 119 Pa. 533; Anderson v. Best, 176 Pa. 498.

*W. K. Jennings*, and *H. G. Wasson*, for appellee were not heard.

PER CURIAM, January 4, 1897:

We are by no means convinced that the learned court below erred in making absolute the rule to open the judgment and allow the defendant to make defense, etc. On the contrary, an examination of the evidence before the court has satisfied us that it is quite sufficient to justify the decree complained of.

Decree affirmed and appeal dismissed at appellant's costs.