# Mary A. Bright to use of Annie R. Knorr, Appellant, *v.* William A. Diamond.

*Judgment—Opening judgment—Mortgage.*

A rule to open a judgment entered on a judgment bond accompanying a mortgage by an assignee of the bond and mortgage will be made absolute, where it appears that the mortgage was payable in instalments; that at the time the judgment was entered a number of attachment executions against the mortgagor had been served upon the mortgagee; that at that time no interest or instalment was due, and that the assignee before purchasing the mortgage knew that a settlement had been made between the

mortgagor and the mortgagee in which the latter had been allowed credit for a considerable portion of the mortgage debt.

Argued Nov. 10, 1898. Appeal, No. 211, Oct. T., 1898, by plaintiff, from order of C. P. No. 2, Allegheny Co., July T., 1898, No. 313, D. S. B., making absolute a rule to open judgment. Before GREEN, MCCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Rule to open judgment.

The defendant's petition alleged that he is the defendant named in the judgment at No. 213, July term, 1898, D. S. B., upon which a fi. fa. was issued to No. 273, July term, 1898 ; that the said judgment was entered upon a judgment bond given by him to Mary A. Bright, and by her assigned on or about June 10, 1898, to Annie L. Knorr; that on or about December 28, 1896, the petitioner gave to Mary A. Bright his bond and mortgage for the sum of $5,200 ; that the mortgage was duly recorded in the recorder's office of Allegheny county, and the bond was in the possession of the said Mary A. Bright up until, as far as petitioner can understand, June 10, 1898, when she assigned the same to Annie L. Knorr; that this bond and mortgage according to the terms thereof was payable in ten equal annual instalments of $520, with interest payable annually ; that on or about May 11, 1898, there was a settlement in writing between Mary A. Bright and the petitioner, a copy of which is hereto attached and made part hereof, wherein and whereby it was agreed that defendant should have a credit on said mortgage and bond of $2,261.81, which left the petitioner indebted to said Mary A. Bright on December 28, 1897, in the sum of $3,736.19, together with interest thereon from December 28, 1897 ; that on June 27, 1898, the petitioner called at the place on Lacock street, Allegheny, the number of which the petitioner believes is 115, where Mrs. Mary A. Bright was then living, in order to ascertain from her whether or not a notice which the petitioner had received from Annie L. Knorr a couple of weeks before to the effect that she had purchased the mortgage was correct, and to inform her that the petitioner was ready to pay six months' interest to the proper person as soon as the said Mary A. Bright could remove the legal obstructions to his making such payment, which consisted of several execu-

tion attachments served upon him and issued upon judgments against her, one by A. K. Stevenson at No. 339, June term, 1898, for $706.31; another issued by F..W. Hughey, at No. 338, June term, 1898, for $331.65; another issued by Watterson & Reid at No. 54, August term, 1898, for $467.25, and another issued by J. D. Hern at No. 373, July term, 1898, for $210; that Mary A. Bright, being absent, the petitioners called to see Annie L. Knorr at her residence on Penn avenue, Pittsburg, where he was informed that she was also absent; that the last named attaching creditor, J. D. Hern, Esq., is counsel for the said Mary A. Bright and the said Annie L. Knorr, and had full knowledge of all the matters and things set forth; that on the date of the issuing of the fi. fa. above recited, there was nothing due on the mortgage and bond of the petitioner, and nothing is now due and nothing will become due until December 28, 1898; that the said Annie L. Knorr was also fully informed by the petitioner in regard to the amount of the credit claimed by the petitioner on his bond and mortgage given to the said Mary A. Bright, and that she was also fully aware of the different judgments against Mary A. Bright and of the attachments issued by the above named attaching creditors; that by virtue of said writ of fi. fa., the sheriff has levied upon three horses, a lot of harness, one saddle, one buckboard, one barouche, one dirt cart, five scoop shovels, lot of lathes, a lot of lumber, and all other personal property of defendant found on the premises; also lot of household goods at defendant's premises at Oakmont borough near Hulton Station, and has advertised the same for sale on Saturday, July 9, 1898, at 11 o'clock A. M.; that the said Annie L. Knorr, concurrent with the entry of this judgment and the issuing of the fi. fa., also issued a sci. fa. on said mortgage at No. 424, August term, 1898.

The petitioner prayed to have the execution stayed and the judgment opened, and to be permitted to defend thereon, and also to be relieved from all attorney's commissions, costs and expenses incurred by reason of the wrongful act of the said Annie L. Knorr in the proceedings in this case, as above set forth.

The answer of the use plaintiff denied the averments of the petition, upon information received from the legal plaintiff. Defendant's deposition corroborated the statements in the petition.

The court made the rule absolute.    Mary A. Bright, the legal plaintiff, appealed.

*Error assigned* was the order of the court making absolute a rule to open judgment.

*J. D. Hern,* for appellant.

*A. V. D. Watterson* and *A. B. Reid,* for appellee, were not heard.

PER CURIAM, January 3, 1899:

The facts set out in the defendant's petition to have the judgment opened were clearly sufficient to justify the court in making the rule absolute.    There was corroborative testimony given which supported the allegations contained in the petition.    As a matter of course the mere order to open did not assume to make any disposition of the costs or attorney's commission, and that subject is left entirely open for future determination.

Order affirmed.