## Howie *v.* Lewis.

*Judgment—Opening judgment—Appeals.*

The Supreme Court will not reverse an order opening a judgment, where testimony has been submitted by the defendant without any having been submitted by the plaintiff. As the latter will have a full opportunity at the trial to meet the defense opposed to his claim, and as he declined to meet it at the hearing of the rule, he has no cause to complain.

Argued March 14, 1900.　　Appeal, No. 364, Jan. T., 1899, by N. N. Betts, cashier, from order of C. P. Bradford Co., May T., 1899, No. 379, making absolute rule to open judgment, in case of John Howie, to use of N. N. Betts, Cashier, v. Evan Lewis. Before McCollum, Mitchell, Dean, Fell and Brown, JJ. Affirmed.

Rule to open judgment entered on a judgment note.

From the record it appeared that the note was for $3,500. Evidence for the defendant tended to show that he was an old man, ignorant of writing, and that he had signed the note on the statement made to him by the plaintiff, John Howie, for whose accommodation he signed it; that the note was for $300; that the note was originally made out for $300, and had been raised by Howie to $3,500. The note contained these words: "This note shall be subject to the same rules governing commercial paper, as to equities." The note was under seal. No evidence was offered by the use plaintiff.

The court made the rule absolute.

*Error assigned* was in making the rule absolute.

*Rodney A. Mercur* and *L. M. Hall*, for appellant.

*W. J. Young*, for appellee.

Per Curiam, July 11, 1900:

The defendant applied for rule to open judgment, which rule was granted by the court below. On the hearing of the rule testimony was submitted on the part of the defendant, to

which no answer was made by the use party. Upon due consideration of the testimony the rule was made absolute. As the use party, on the trial of the case before a jury, has a full opportunity to meet the defense opposed to his claim, and declined to meet it on the hearing of the rule, he has no cause to complain. We are not prepared to say that there is no merit in the defense set up by the defendant.

Judgment affirmed.