## Shaffer *v.* Thomas, Appellant.

*Practice, C. P.—Judgments—Rule to open judgment—Petition —Answer—Depositions—Oath against oath.*

Upon a petition for rule to open judgment a responsive answer puts upon the petitioner the duty of furnishing proper proof to support his petition. When the petitioner has shown a good defense and supported his petition by his own depositions and those of another witness without any contradiction except that contained in the answer itself he should have the opportunity to be heard before a jury. It is error to regard an answer unsupported by evidence as testimony of equal weight with depositions and to discharge the rule as presenting the case of oath against oath.

Argued March 7, 1921.   Appeal, No. 4, March T., 1921, by defendant, from order of C. P. Columbia County, Sept. T., 1918, No. 145, discharging rule to open judgment in the case of Elmer Shaffer v. David G. Thomas. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ.   Reversed.

Rule to open judgment.   Before HARMAN, P. J.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule.   Defendant appealed.

*Error assigned* was the order of the court.

*Adrian H. Jones,* and with him *H. Montgomery Smith,* for appellant.

*A. W. Duy,* and with him *George W. Moon,* for appellee.

OPINION BY TREXLER, J., April 18, 1921:

The plaintiff entered judgment by virtue of a warrant contained in what is generally called a bailment lease. The paper purports to be a lease for a grey horse and two black horses, and the rental is the sum of $480 with the option to purchase at the end of the term, for one dollar. The defendant in his petition to the court asking that the judgment be opened, states that he signed the paper in blank; that it was intended to be given for two black horses and was not to include the grey horse; that the black horses were represented to be sound and healthy, but died shortly after from a disease which they had had before the sale; and that the plaintiff agreed to take back the horses if they were not as represented; that at the signing of the paper the plaintiff stated that it was a mere matter of form. The plaintiff filed an answer to the petition denying these allegations. We need not consider all the items contained in the petition. We think the discussion may be confined to the question, "Was the plaintiff authorized to fill out the blank spaces in the lease in the manner he did?" The depositions submitted by the defendant substantiate his position, that the plaintiff without any authority included the grey horse in the lease. According to his statement the possession of the horse had passed to him nine days before, and his narrative as to what transpired at the time of the giving of the lease was corroborated by a witness who was present. The deposition of the plaintiff was not taken, and therefore the testimony of the defendant is uncontradicted. The court seems to have regarded the answer of the plaintiff as of the same effect as if he had submitted testimony in support of the answer. It is true that a responsive answer puts upon the defendant the duty of furnishing the proper proof to support his petition. In this case he has

met that demand by the depositions of himself and another. As we have stated before, we think the proof submitted shows that the plaintiff inserted in the lease an item that he was not entitled to put in. The court was wrong in considering, as he states in his opinion, the case as one of oath against oath. The responsive answer of the plaintiff served its purpose in requiring the defendant to prove his case by the weight of the evidence, but the court could not regard the answer in the same light as if the plaintiff had testified. In the opinion filed the court evidently regarding plaintiff's answer as testimony, states that he testified. In Bright v. Diamond, 189 Pa. 476, where there was a petition to open a judgment, and an answer thereto, the court took the position that the inquiry before it was, whether the allegations contained in the petition were corroborated. In Weixel v. Lennox, 179 Pa. 459, the judgment was opened on the testimony of a single witness supporting the contents of the petition. In Howie v. Lewis, 196 Pa. 558, on the hearing of the rule, the defendant submitted testimony to which an answer was made by the plaintiff. The court made the following comment: "As the use-party, on the trial of the case before a jury, has a full opportunity to meet the defense opposed to his claim, and declined to meet it on the hearing of the rule, he has no cause to complain. We are not prepared to say there is no merit on the defense set up by the defendant." We do not wish to be understood that the above case rules the one before us, but we cite it as sustaining the position that where there is no contradiction of the witnesses, and the petitioner has shown a good defense, he should have the opportunity to be heard before a jury.

In any aspect of the case the amount inserted in the judgment was $3 in excess of the amount due, and while this may seem trifling, we think in view of the stringent character of the bailment, the defendant should have his rights given to him with the same strictness that the plaintiff has sought to preserve his under the skillfully

368, (1921).]　　　Opinion of the Court.

drawn contract he required the defendant to sign. The price of the black horses was $320, that of the grey horse $157. These two sums still lack $3 of making up the amount contained in the lease. This the lower court accounts for by adding two halters at $1.50 apiece. We have carefully read the depositions, and we find nothing in them from which this information could be obtained, and there is nothing on the record showing that two halters worth $3 were included in the lease.

The judgment is reversed, and the record is remitted to the court below with direction to make the rule absolute.