## Newman, Appellant, v. Herron et al.

Argued March 5, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, PARKER, JAMES and RHODES, JJ.

*George Morrow,* for appellant.

*Raymond T. Law,* for appellee.

PER CURIAM, April 16, 1936:

Plaintiff has appealed from an order opening a judgment entered by confession against the defendants. A petition to open a judgment is, in our practice, a substitute for a bill in equity. It is, therefore, equitable in its nature, and it is the rule of the appellate courts not to interfere with the action of the court below in opening the judgment and letting the defendant into a defense unless it is clearly shown to have been an abuse of discretion. We find no such clear abuse of discretion in this record.

The case has been complicated by bringing into the record evidence relating to a mortgage and prior judgment which plaintiff held against defendants, but which are not actually involved in the present proceeding.

On July 8, 1931 plaintiff entered up a judgment against defendants for $1,500 on a note under seal, dated June 18, 1931, authorizing the confession of judgment against them. This judgment became a lien on farm lands which the plaintiff had on April 1, 1930 conveyed to defendants. It was given to take the place of a purchase money judgment for the same amount which was then satisfied. On May 8, 1933 the defendants reconveyed this farm to plaintiff. They alleged that the reconveyance was to be in satisfaction of the judgment and all other claims—no other consideration passed. The plaintiff claimed that the reconveyance was in satisfaction of all but $300 of the judgment, for which he issued execution on March 11, 1935. The defendants produced several witnesses who testified that it had

been agreed between the plaintiff and the defendants that the reconveyance of the real estate would satisfy all claims against them; that defendants had refused to reconvey the property on any other terms; and that the reconveyance was made pursuant to that agreement. The plaintiff, on the other hand, showed that on the day of the reconveyance he had given one of the defendants a receipt for $1,100 on the note—$100 had been paid previously—with a notation, "Ballance, $300," and claimed that while he had accepted a reconveyance of the land as of the value of $1,400, the balance due on the note, he had told them that $300 of this would be applied to unpaid taxes, leaving $300 due on the note. It was not shown that the other defendants knew anything about this receipt, nor is it clear, in view of his positive evidence, that the one who received it understood its full purport. All of the parties seemed to have been somewhat confused by the transactions between them prior to May 8, 1933.

In this state of the record we find no abuse of discretion on the part of the court below in opening the judgment in order that a jury may determine, from the evidence to be produced, what the agreement between the parties, when defendants re-conveyed the real estate to plaintiff, really was.

Order affirmed.