United States Savings and Trust Company,
to use, Appellant, *v.* Helsel.

Argued October 5, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*H. A. Englehart,* with him *Paul D. Larimer,* for appellant.

*Harry Doerr,* for appellee.

OPINION BY MR. JUSTICE BARNES, November 23, 1936:

Plaintiff appeals from an order of the court below making absolute a rule to open a judgment entered by confession against defendant as endorser on a note. The only question before us is whether there was an abuse of discretion on the part of the court below in making this order. To the petition of defendant to open the judgment plaintiff filed an answer denying its averments, but offered no evidence at the taking of the depositions. Witnesses on the part of defendant alone were heard. Although the evidence presented on defendant's behalf was not as clear and satisfactory as it might have been, the material facts before the court below upon which the order was based appear as follows:

The note upon which judgment was entered against defendant was made under seal by a corporation called the Art Stone Block Company, on May 10, 1927, in the amount of $5,000, payable two months after date to the order of Dr. A. E. Fichtner, and J. W. Helsel, the defendant. It was endorsed on the same date by the payees to The United States Savings and Trust Company of

Conemaugh, Cambria County. The endorsers author-
ized a confession of judgment against themselves, jointly
and severally, in the event the judgment note was not
paid by the maker at maturity. The endorsements were
also under seal.

The defendant and Dr. Fichtner were the principal
stockholders and officers of the Art Stone Block Com-
pany, whose place of business was near Johnstown, Cam-
bria County. This corporation had been in existence for
several years prior to June 21, 1927, and had incurred
indebtedness to various banks in Cambria County to the
amount of $21,124.90. The obligations were in the form
of judgment notes, and all of them were endorsed by the
defendant and Dr. Fichtner. Among these notes were
two given to The United States Savings and Trust Com-
pany of Conemaugh, one for $5,000 and the other for
$1,600. The note here in question is the first note men-
tioned. To secure the payment of these two notes and of
other indebtedness to the bank, Dr. Fichtner had pledged
with the bank as collateral security a policy of insurance
upon his life in the amount of $10,000 in the Connecticut
General Life Insurance Company. It appears that in
this policy his wife, Rose M. Fichtner, was named as ben-
eficiary, but under its terms the insured had the right to
pledge the insurance to its full value, irrespective of any
right his beneficiary might have in the policy.

Dr. Fichtner died on June 21, 1927, leaving a will in
which his wife was named as executrix of his estate.
Before the insurance company would pay to the trust
company the proceeds of the policy, it required a signed
statement from the widow beneficiary to the effect she
was satisfied that the amount claimed by the bank was
correct. She refused at first to execute such statement.
After negotiations extending over a period of months, on
or about March 21, 1928, she finally, both individually
and as executrix, entered into an agreement with de-
fendant whereby she promised to sign the required in-
strument and gave her assent to the payment out of the

insurance fund of the two corporation notes at the bank aggregating $6,600. She agreed to relieve the defendant of liability as co-endorser on both notes, in consideration that defendant would procure the release of Dr. Fichtner's estate from all claims upon the remaining $14,-524.90 of notes of Art Stone Block Company, upon which decedent was co-endorser with defendant. In accordance with the agreement, Mrs. Fichtner then executed the insurance statement and the full proceeds of the policy amounting to $10,000 were paid to the trust company in liquidation of the corporation's notes and other liabilities due the trust company by the estate of Dr. Fichtner. At the request of Mrs. Fichtner the bank assigned without recourse the two notes to her individually, in order that she might hold them as a claim against the Art Stone Block Company.

In order to effect the release of the Fichtner endorsements on the remaining notes of the corporation, it appears that the defendant reorganized the Art Stone Block Company by causing its assets to be transferred to and its liabilities to be assumed by a new corporation known as the Johnstown Cinder Block Company. In the new corporation the defendant associated with himself other persons including one J. A. Stutzman.

Stutzman arranged with Mrs. Fichtner to purchase the entire interest of the Fichtner estate and of herself individually, in the Art Stone Block Company for $6,600 in order that its assets might be sold to the new corporation. It is alleged that this purchase included not only the original interest of Dr. Fichtner in the company, but also embraced all claims which the estate and the widow beneficiary might have against the company by reason of the payment of the two notes out of the insurance fund.

It clearly appears from the record, and it is not contradicted, that defendant, in accordance with the alleged agreement, did procure the release of the Fichtner estate from all claims against it upon the remaining $14,-

524.90 of corporation notes. On or about May 1, 1928, the notes were either paid by the defendant or were assumed by the Johnstown Cinder Block Company substituting its own notes therefor, with the endorsements of defendant and J. A. Stutzman, so that the original notes as endorsed by Dr. Fichtner were cancelled and surrendered.

The two notes assigned to Mrs. Fichtner were held by her for a period of eight years. No demand was made during this time upon defendant for the payment thereof. However, on January 22, 1936, she assigned the note for $5,000, here in suit, to the use plaintiff, who appears to be her attorney. It is asserted that he took said note after maturity, without consideration, and with full knowledge of all the facts in connection with the agreement for its release. The present judgment against defendant was entered by confession within a few days after its assignment.

We are of opinion that the evidence was sufficient to justify the court below in making the order complained of. It appears prima facie that defendant fully performed his undertaking to keep the Fichtner estate harmless by reason of the endorsements for which it was liable. The testimony offered by defendant stood uncontradicted, as plaintiff offered no evidence. As this Court stated in *Howie v. Lewis,* 196 Pa. 558: "On the hearing of the rule [to open judgment] testimony was submitted on the part of the defendant, to which no answer was made by the use party. Upon due consideration of the testimony the rule was made absolute. As the use party, on the trial of the case before a jury, has a full opportunity to meet the defense opposed to his claim, and declined to meet it on the hearing of the rule, he has no cause to complain." See also *Hunter v. Mahoney,* 148 Pa. 232; *Cloud v. Markle,* 186 Pa. 614; *Shaffer v. Thomas,* 76 Pa. Superior Ct. 368.

An application to open a judgment and let the defendant into a defense is an equitable proceeding and one

which, as we have repeatedly pointed out, is peculiarly within the sound discretion of the court below, and the action of the lower court in such a proceeding may be reviewed upon appeal only to determine whether or not there has been an abuse of that discretion: *Jenkintown Nat. Bank's App.*, 124 Pa. 337; *Boyd v. Kirch*, 234 Pa. 432; *Sweitzer v. Crowley*, 238 Pa. 282; *Reidlinger v. Cameron*, 287 Pa. 24; *Certelli v. Braum*, 294 Pa. 488; *Warren Savings Bank & Tr. Co. v. Foley*, 294 Pa. 176; *Mielcuszny v. Rosol*, 317 Pa. 91; *Spiess v. Mooney*, 67 Pa. Superior Ct. 9; *Kaufman v. Feldman*, 118 Pa. Superior Ct. 435. There is no abuse of discretion shown here.

The order of the court below is affirmed, with a procedendo.