## Baker's Estate, by Games, Exr., Appellant, *v.* Woodworth et ux.

Argued March 9, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*D. H. Jenkins,* for appellant.

*Joseph P. Brennan,* for appellee.

PER CURIAM, April 13, 1938:

Plaintiff, as executor of Thomas Baker, deceased, has appealed from an order of the court below opening a judgment entered by him on a judgment note, authorizing the confession of judgment against William Woodworth and Kathryn Woodworth, his wife, in favor of Thomas Baker.

Following the issuance, on August 16, 1937, of a writ of fieri facias on the judgment, the surviving defendant, Mrs. Woodworth, on September 1, 1937, filed a petition to open the judgment, averring that the principal of the note had been paid to Thomas Baker, the plaintiff's testator, in his lifetime. A rule was granted on the plaintiff to show cause why the judgment should not be opened, to which an answer was filed. Depositions in support of the rule were taken. On September 16, 1937 the court made the rule absolute, stating in its opinion: "The depositions in this case contain testimony by a stranger to the controversy, which, if believed, would warrant a finding by a jury that payment of the note upon which the judgment is founded had been made prior to the death of the payee. If such a finding were made, it is not believed that the Court would be justified in overruling it and granting judgment n. o. v. for the plaintiff, since the credibility of such testimony would be a matter for the consideration of the jury alone. Under such circumstances, it is

believed that the judgment should be opened and the debtor allowed to place her contention before a jury."

An application to open a judgment entered on warrant of attorney or on a judgment note is addressed to the equitable powers of the court below, and is peculiarly within the sound discretion of the lower court; and while the Act of April 4, 1877, P. L. 53, allows an appeal from an order opening such a judgment, the action of the lower court may be reviewed on appeal only to determine whether there has been an abuse of that discretion: *United States Savings and Trust Co. v. Helsel*, 325 Pa. 1, 188 A. 167. This statement of the law by Mr. Justice BARNES, speaking for the Supreme Court, is supported by an array of cases, in which the appellate courts have refused to hold that the lower court had been guilty of an abuse of discretion in opening the judgment, among which may be mentioned: *Appeal of Jenkintown National Bank*, 124 Pa. 337, 17 A. 2; *Hunter v. Mahoney*, 148 Pa. 232, 23 A. 1004; *Boyd v. Kirch*, 234 Pa. 432, 83 A. 366; *Sweitzer v. Crowley*, 238 Pa. 282, 86 A. 198; *Tressler v. Emerick*, 278 Pa. 128, 122 A. 229; *Reidlinger v. Cameron*, 287 Pa. 24, 134 A. 418; *Spiess v. Mooney*, 67 Pa. Superior Ct. 9; *Shaffer v. Thomas*, 76 Pa. Superior Ct. 368; *Keiber, Admr., v. Keiber*, 90 Pa. Superior Ct. 116; *Newman v. Herron*, 121 Pa. Superior Ct. 370, 184 A. 310.

The appellant has cited a number of cases where this court and the Supreme Court have sustained the lower court in refusing to open a judgment, but they only decided that in the situations there presented the court below was not guilty of an abuse of discretion in *refusing* to open the judgment, and do not require us to hold that in the circumstances here present the lower court abused its discretion in opening the judgment to determine how much if anything is due and unpaid upon it; and a review of the record does not satisfy us

that the action of the lower court amounts to an abuse of discretion.

Considering the situation of the parties and the relationship of the payee to Mr. Woodworth, we cannot hold that the testimony relied on by the court below was so improbable as to be unworthy of belief. Nor, in view of the negotiations between the parties following the entering of the judgment, was the court required to find the appellee guilty of laches in moving to open the judgment. The provisions of the Wills Act of June 7, 1917, P. L. 403, relative to the execution of a will by mark and the proof of the same by witnesses, have no application to the signing of a receipt.

The order is affirmed.