United States Savings & Trust Company of
Conemaugh, to use, Appellant, *v.* Helsel.

434

Argued October 4, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*George W. Griffith,* with him *Martin J. Hindes,* for appellant.

*Harry Doerr,* for appellee.

OPINION BY MR. JUSTICE BARNES, December 5, 1938:

This appeal is from an order of the court below refusing to grant plaintiff a new trial and directing that judgment be entered upon a verdict in favor of defendant.

The facts of the case are stated at length in the opinion filed when this case was before us upon an appeal from an order making absolute a rule to open the judgment which was entered by confession upon one of the

two notes here in suit.*   We shall repeat only such facts from the present record as may be necessary to an understanding of the issues now involved.

The Art Stone Block Company was a Pennsylvania corporation with its place of business near Johnstown, Cambria County.   The defendant, Helsel, and Dr. A. E. Fichtner were the officers and principal stockholders of the Company.   On May 10, 1927, the corporation gave its judgment note for $5,000 to the order of the parties named, who endorsed it on the same day to The United States Savings and Trust Company of Conemaugh.   The note by its terms authorized a confession of judgment against the endorsers in the event of default in payment. A similar note dated June 15, 1927, for $1,600 was executed and delivered to the trust company.   These are the two notes here in suit.   There had been pledged with the bank, as collateral security for these obligations, a policy of insurance upon the life of Dr. Fichtner, in the amount of $10,000, in which Rose M. Fichtner, his wife, was named as beneficiary.

When Dr. Fichtner died on June 21, 1927, there were outstanding notes of the Art Stone Block Company to the amount of $21,124.90, upon which he and the present defendant were liable as co-endorsers.   These notes were held by various banks in Cambria County, and among them were the two judgment notes here in question.

As the corporation was unable to pay the present notes, it was agreed by the parties that the proceeds of the insurance policy, which were paid to the bank, should be applied in liquidation of the two notes which it held, and toward the settlement of certain personal obligations owing to it by decedent.   Upon Mrs. Fichtner's request, the two notes were then assigned by the bank to her individually, in order that she might hold them as

* *United States Savings and Trust Co., to use, v. Helsel,* 325 Pa. 1.

personal claims against her husband's estate, or against the corporation.

Before the notes were paid Mrs. Fichtner, both individually and as executrix of the estate, is alleged to have made an agreement with defendant, whereby she would relieve him of liability as co-endorser upon the two notes, in consideration that he would effect the release of the estate from all claims upon the remaining $14,524.90 of notes of the Art Stone Block Company. Defendant now claims that as he procured such releases he is no longer liable upon these two notes, in accordance with the terms of the agreement. It is not denied that on or about May 1, 1928, all the remaining notes endorsed by Dr. Fichtner were cancelled and surrendered, and that his estate was relieved of liability thereon.

To effect the release of the estate, it was necessary for defendant to reorganize the Art Stone Block Company by transferring its assets to a new corporation known as Johnstown Cinder Block Company, which assumed the liabilities of the old company. In the new company the defendant associated with himself new shareholders, including a certain J. A. Stutzman. The testimony shows that in furtherance of the arrangement, Stutzman acquired the interest of the Fichtner estate and Mrs. Fichtner individually, in the Art Stone Block Company, as well as all claims against the company by reason of the payment of the two notes out of the insurance fund. In payment of the purchase price, Stutzman executed and delivered to her his own judgment note in the amount of $6,600, and in this manner secured his interest in the new corporation.

The two notes assigned to Mrs. Fichtner were not actually delivered by her to Stutzman, but remained in the possession of her attorney, without any demand being made upon defendant for the payment thereof, for over a period of eight years. On or about January 22, 1936, Mrs. Fichtner secured possession of the notes and then

assigned them to the use-plaintiff, who caused judgments to be entered thereon against defendant, by confession. On petition the court below made absolute defendant's rule to show cause why the judgments should not be opened, and subsequently the order of the court was affirmed by this Court on appeal.

It is now contended by Mrs. Fichtner that the two notes were not included in the sale to Stutzman of the estate's interest in the Art Stone Block Company, and that the note of Stutzman was given to her as collateral for the payment of the two notes here in suit. The disputed questions of fact were submitted to the jury which rendered a verdict in favor of the defendant. A motion for new trial was overruled by the court below, and judgment was entered upon the verdict, from which plaintiff has taken this appeal.

The plaintiff advances numerous reasons in support of the motion for new trial. It is urged that the charge of the trial judge was prejudicial and tended to discredit plaintiff's testimony. We have carefully reviewed the charge and are of opinion that the contention of plaintiff is without foundation. We do not find any substantial variance between the testimony of the witnesses and the recital thereof by the court. The charge does not, as plaintiff claims, unduly emphasize the testimony on behalf of the defendant and ignore that which is favorable to plaintiff. On the contrary, the charge appears to be a concise and clear submission to the jury of the facts at issue.

The plaintiff's contention that the trial judge did not adequately instruct the jury concerning the burden of proof is without merit. The record discloses that the court told the jury: "The burden, as we have said, is on the plaintiff to make out his case by the weight or preponderance of the evidence. When the defense is payment, the defense must make out its case by clear and satisfactory evidence." Moreover, it also appears that the court approved and read plaintiff's point for charge

on the question of burden of proof. This point reads as follows: "If the jury finds that the notes are in the possession of the plaintiff uncancelled, [it] raises a presumption that they are valid and unpaid, and the burden is on the defendant to prove that he paid them, and if he fails to sustain this burden, the jury should find for the plaintiff." To this the court added: "We have covered that in our charge. We affirm this point. The burden is on the defendant to prove payment." In the light of this clear instruction, it is difficult for us to find any reasonable ground for complaint.

It is contended that the court erred in discussing the circumstances under which the judgments were opened and the defendant let into a defense. The court said, to the jury, referring to the rule to open the judgments, "Testimony was taken on that rule, and after that the court decided that there was sufficient evidence before it to warrant the opening of the judgments, which brings back the case to the point where the plaintiff no longer has his judgment, but must sue on the instruments themselves." In our opinion this language is not objectionable and the explanation given is a correct statement of the applicable law: *Harris v. Harris,* 154 Pa. 501. It served to clarify in the minds of the jury the reasons why plaintiff was suing upon notes which authorized a confession of judgment.

It is also urged that the charge "presented the wrong central issue" of the case because of the inadequate instruction concerning plaintiff's contention that the note of Stutzman was given "as collateral security for the two notes in this case." Also that the charge did not instruct the jury upon the effect to be given the fact that the two notes were in the possession of plaintiff uncancelled. While it is true that a note is not paid by the execution and delivery of a new note therefor, whether the new note is that of the debtor or of a third party, in the absence of a stipulation to that effect: *Newhall v. Arnett,* 279 Pa. 317; *Citizens Bank of Wind Gap v. Lip-*

*schitz*, 296 Pa. 291, the instruction was neither incorrect nor misleading with respect to these issues of the case. If the plaintiff desired further instruction upon these points a request to that effect should have been made at the time.

The plaintiff urges that it was reversible error to have admitted in evidence testimony with respect to the consideration which was given for the Stutzman note, upon the ground that it was hearsay. We are of opinion that it was proper to receive the testimony of defendant upon this point, as the consideration given for that note was a matter within defendant's own knowledge of the transaction.

It would serve no useful purpose to discuss the remaining assignments of error, as it seems to us that they are trivial in nature and are without merit. Accordingly, all assignments of error are overruled.

The order of the court below is affirmed.