## Uniontown Savings & Loan Association v. Enany

*Simon B. John*, for Firstmark.
*Nicholas J. Cook*, for Bank.

ADAMS, *J.*, April 28, 1980—The matter before the court is the priority of creditors to participate in the proceeds of the mortgage foreclosure sale of Uniontown Savings & Loan Association, which held a first mortgage and divested all subsequent liens. The rights of Uniontown Savings & Loan Association are not challenged.

Firstmark Consumer Discount Company (hereinafter referred to as Firstmark) claims priority of distribution over the First National Bank and Trust Company of Washington (hereinafter referred to as Bank), alleging that, although a judgment entered on October 13, 1977 in favor of the Bank was prior in time to the recording of the mortgage of Firstmark, the debt which was the basis for entry of the judgment was divested by a subsequent agreement between the Bank and James E. Enany, Jr. and Deborah S. Enany, his wife (hereinafter collectively referred to as Enanys).

The court finds that the Bank shall have priority of distribution.

## FINDINGS OF FACT

1. On June 27, 1975 the Bank loaned the Enanys $5,000. To secure the loan the Enanys executed a judgment note which required payments of principal and interest to be made on an installment basis.

2. The Enanys defaulted in payment of the loan, with the last payment being made on July 29, 1977.

3. Judgment was entered on the note of the Bank on October 13, 1977, at No. 472 September Term, 1977.

4. On April 25, 1978 the Enanys executed a mortgage in favor of Firstmark, which mortgage was recorded in the office of the Recorder of Deeds for Fayette County on April 25, 1978, in Mortgage Book Vol. 576, at page 365.

5. On or about November 11, 1977 the Enanys executed a subsequent promissory note in favor of the Bank in the amount of $4,665.40, which represented the unpaid principal in the amount of $3,782.46, which was due on the loan of June 27, 1975, and interest and other charges. This note was entered of record on October 13, 1978.

6. The photocopies of the instruments in the possession of the Bank, which were executed in conjunction with the loan of June 27, 1975, were stamped "paid by renewal." The payment card was marked refinanced. The stamping "paid by renewal" by the Bank was for the purpose of internal control and did not constitute a discharge of the initial loan.

## DISCUSSION

The issue before the court basically is ahether the action of the Enanys and the Bank in refinancing the original debt constituted a novation so as to discharge the original debt and nullify the entry of the original judgment.

In this case, the Bank, upon the default of the Enanys in the installment payments under the original note, agreed to refinance the balance then due. There was no additional money loaned, and the refinancing was simply of the present debt owed and was done out of consideration to the Enanys.

A subsequent note was executed to secure the then present balance, and this note was entered of record after Firstmark recorded its mortgage. If the execution of the second mortgage note acted as a novation and satisfaction of the original note of record, then Firstmark would have priority of distribution.

The court is of the opinion that the Bank did not intend to discharge the original debt and as a courtesy to the Enanys extended the time during which the debt could be paid. The stamping "paid by renewal" on the copies was for internal bank control. To constitute a novation it must be the intent of the parties to mutually agree to release one another from liability on a valid contract and to substitute a

new contract in place of the old one. It is only then that a novation occurs: First Pa. Bank N.A. v. Triester, 251 Pa. Superior Ct. 372, 380 A. 2d 826 (1977). A party seeking to establish that a renewal note was intended to discharge and to substitute for an earlier note must overcome the presumption that the original note is valid by introducing some evidence of mutual assent to the purported novation: U.S. Savings & Trust Company v. Helsel, 332 Pa. 433, 2 A. 2d 823 (1938). There is no evidence before the court from which such a finding could be made.

In the instant case it is noted that the defense of novation is not raised by the debtor but rather by a third party who seeks to benefit from such a finding. Firstmark was bound to know that a judgment was of record at the time its mortgage was recorded. There is no claim that Firstmark altered its position in reliance on its determination that the judgment of the Bank had been divested by the subsequent refinancing.

## CONCLUSIONS OF LAW

1. The court has jurisdiction over the subject matter and the parties to this proceeding.

2. The action of the Bank in refinancing the loan of the Enanys did not constitute a novation and did not discharge the original debt.

3. The Bank shall have priority of distribution of the proceeds of the sheriff's sale of Firstmark.

## ORDER

And now, April 28, 1980, it is directed that the sheriff distribute funds which he holds in an amount sufficient to satisfy the judgment of First

National Bank and Trust Company of Washington before any distribution shall be made to Firstmark.

This order shall become final unless exceptions thereto are filed within ten days of the date of service of copies of the same.