## George E. Stockham, Plff. in Err., v. Rachel Boyd and Joseph Bilbron, Exrs. of Samuel Boyd, Deceased.

It will be presumed that a particular case has been assigned to the proper court of common pleas under the court rules of Philadelphia county, where there is nothing on the record to show the contrary.

A writ of foreign attachment may issue pending an action begun by summons, if the defendant be a nonresident.

The fact that the foreign attachment was marked of the same court, term, and number as the original summons does not invalidate the same; and it was not error for the court below to strike off a plea to the jurisdiction of the court, on the ground that at the time the foreign attachment issued all new proceedings were, under the rules of court, assigned to another court, especially in view of another rule which provided that all proceedings which are founded upon or are ancillary to an action shall be designated as of the same court, number and term.

(Argued January 11, 1888.   Decided January 23, 1888.)

January Term, 1887, No. 444, E. D., before Gordon, Ch. J., Paxson, Sterrett, Green, Clark, and Williams, JJ.   Error to Common Pleas No. 4 of Philadelphia County to review a judgment for plaintiffs in an action begun by foreign attachment.   Affirmed.

This was an action of assumpsit on a promissory note, commenced by summons case, February 20, 1885, which was returned *tarde venit*.   March 9, 1885, an alias summons case was issued which was returned *nihil habet,* and April 16, 1886, a

*pluries* summons was issued returnable on the first Monday of May, 1886.

While this last-named writ of *pluries* summons was in the hands of the sheriff, and not returned, the plaintiffs below, April 20, 1886, out of the same court, and of the same term and number as the original proceedings, for the same cause of action, issued a writ of foreign attachment. This writ of foreign attachment was on motion dissolved May 22, 1886.

Thereupon, and within three days after the dissolution of this writ, the plaintiffs issued a second writ of foreign attachment out of the same court, of the same term and number, and for the same cause of action, May 25, 1886. December 8, 1886, the defendant entered his appearance in the foreign attachment proceedings only, for the purpose of pleading to the jurisdiction of the court, etc., and on same day filed his plea to the jurisdiction, a copy of which was duly served on the attorney of record for the plaintiff. This plea to the jurisdiction set forth that as the writ of foreign attachment was an original process, under statutory regulation, it was issued at a time when the court of common pleas No. 3, for the county of Philadelphia, had exclusive jurisdiction thereof, by virtue of the general rules of the courts of common pleas for said county. This plea was stricken off December 11, 1886, without notice, in any manner or form, to the defendant. And subsequently two judgments were entered, in the same case, "for want of a plea."

The court on motion struck off one of these judgments and confirmed the other.

Defendants thereupon took this writ, specifying the following assignments of error:

The court erred: (1) In entertaining jurisdiction of the proceedings under the writ of foreign attachment; (2) in striking off the plea to the jurisdiction; (3) in issuing the writ of foreign attachment, while the action commenced by summons, for the same cause, was pending and undetermined; (4) in entertaining two actions, of the same term and number, for the same cause of action; (5) in issuing two original writs in one proceeding, for the same cause of action; and (6) in confirming the judgment of February 5, 1887.

*Samuel P. Hanson,* for plaintiff in error.—1. The defend-

ant appeared *in pro. per.* in order to comply with the rules of pleading, so that he might plead to the jurisdiction.

2.  As to jurisdiction.

It seems evident, under the general rule of the courts of common pleas for the county of Philadelphia, if the defendant's plea to the jurisdiction be true, the court below had no jurisdiction of the proceedings under the foreign attachment.  Yet the defendant was given no opportunity to show the truth thereof.  On the contrary, the plea was summarily stricken off—without notice to the defendant—and without requiring a proper effort to be made in order to give him notice.

This action was clearly an injustice to the defendant below.

3.  This whole proceeding is anomalous.

By examination of the docket entries and records of the court we find:

First.  Two original writs—to the same term and number, in the same case, for the same cause of action, in the same court, in the hands of the sheriff at the same time.  *Vide* the *Pluries* Summons Case, Exit. April 16, 1886, and the foreign attachment April 20, 1886.

Second.  Two cases pending at one and the same time, of the same term and number, in the same court.

And third.  Two actions for the same cause, pending at the same time in the same court.

Surely it was manifest error to join in one proceeding a common-law process (summons) with a statutory process (foreign attachment)—an action purely personal, commenced by a personal process, with one *in rem et in personam,* commenced by process *in rem.*

In Childs v. Digby, 24 Pa. 26, LEWIS, J., says:

"It is true that 'the attachment process is a proceeding *in rem';* but it is equally true that it is something more.  It is also a proceeding against the garnishee personally, for the purpose of compelling him to answer for the value where the thing itself is not produced."

*S. Morris Waln,* for defendants in error.—Article V., § 6, Const. says:

"In Philadelphia all suits shall be instituted in the said courts of common pleas, without designating the number of said court; and the several courts shall distribute and apportion the business

among them in such manner as shall be provided by rules of court.

"And each court to which any suit shall be thus assigned shall have exclusive jurisdiction thereof."

Under this head there are two rules of the four courts of common pleas of Philadelphia.

First rule: that the prothonotary shall assign the first 1,000 cases to No. 1; second 1,000 to No. 2, etc.

Second rule: that all proceedings of whatever nature which are founded upon or are ancillary to an action shall be assigned by the prothonotary to the same court, term, and number.

Under the Constitution of Pennsylvania, the four courts of common pleas of Philadelphia, are courts of equal and co-ordinate jurisdiction.

If No. 4 had jurisdiction, No. 3 also had jurisdiction.

Under the Constitution, when the plaintiff instituted his suit without designating the number of said court, he was properly in court.

Exclusive jurisdiction under the Constitution and rules of court can only be acquired by one of said four courts when the prothonotary has assigned the suit to that court.

Here the prothonotary assigned the suit to common pleas No. 4, under the second rule of court, which first gave to No. 4 exclusive jurisdiction, as was held by the court below.

The object of a foreign attachment is to compel defendant to appear.

Here the defendant entered his appearance of record, *in pro. per.*

The character of the proceeding was then changed from a proceeding *in rem* to a proceeding *in personam.*

The *narr.* and rule to plead was duly served. The judgment is regular.

PER CURIAM:

The court below was evidently right in striking off the plea to the jurisdiction. It is too plain for argument that the court below has jurisdiction in a case of foreign attachment. Whether this particular case was properly assigned to common pleas No. 4 we are not called upon to decide; and if we were, the record furnishes us no information upon the subject. We must presume it to have been properly done.

There was no error in issuing the writ of foreign attachment. pending the action commenced by summons. The latter writ does not appear to have been served; and if it had been, the plaintiff had still the right to issue the attachment, the defendant not being a resident of the state. There is a remedy where a defendant has been served with two or more writs for the same cause of action, but the remedy has not been pursued, and we have no such case before us.

It is alleged that the attachment was entitled of the same term and number as the original summons. If this be so, it has done the defendant no harm; the judgment was properly entered and, therefore, is affirmed.