## Leibowitz to use v. Walker, Appellant.

*Judgment—Opening judgment—Laches—Discretion of court.*

The appellate court will not review the discretion of the court of common pleas in refusing to open a judgment for want of an affidavit of defense where the defendant merely alleges as an excuse for his default, inexperience in legal affairs, absence from the city and illness, and it also appears that he knew of the entry of the judgment four days thereafter, and that he did not apply to open the judgment until three months later and after execution process had issued against his land and proceeded to a vend. ex.

Argued Oct. 5, 1911.  Appeal, No. 28, Oct. T., 1911, by defendant, from order of C. P. No. 4, Phila. Co., June T., 1910, No. 2,019, discharging rule to open judgment in case of Abraham Leibowitz to use v. Thomas L. F. Walker. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.  Affirmed.

Rule to open judgment.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was order discharging rule to open judgment.

*Francis J. Maneely,* with him *Chas. I. Cronin,* for appellant.

*Charles L. Smyth,* for appellee.

PER CURIAM, November 13, 1911:

It is common practice to open judgments by default where the defendant comes forward, without unreasonable delay, excuses the default and shows a prima facie defense on the merits.  It is argued by appellant's counsel that the same principle applies to judgments for want of an affidavit of defense.  But where the term has expired, and the judgment and proceedings leading up to it are regular, such application is not to be granted, of course, merely because the defendant's ex parte affidavit would have been sufficient to prevent judgment if it had been filed in time.  The defendant must excuse the default, and move without unreasonable delay.  Here, the defendant alleged as an excuse for his default that at the time the statement of claim was served "he being inexperienced in legal affairs, was not aware of the necessity of filing an affidavit thereto, and that he was prevented from seeing counsel by reason of absence from the city immediately thereafter for several days and by sickness, which confined him to his bed."  This is not a very convincing ex-

cuse for ignoring the express notice he had by the rule served upon him that if he did not file an affidavit of defense within fifteen days judgment would be entered. But granting that the court might have been impelled to deem it sufficient if made promptly, it was not one which relieved him from the duty of prompt action when he acquired knowledge of the judgment. The judgment was entered on October 8, 1910, and the defendant admits that he knew of it four days later, when a fi. fa. was issued, and then consulted his counsel "who took up the matter with the attorney for the plaintiff." Notwithstanding this knowledge, he did not present his application to open until three months later, and in the meantime an alias fi. fa., upon which his land was condemned, and a vend. ex. had issued. It is true that on December 10, he obtained a rule to strike off the judgment, alleging defectiveness of the statement, but this rule was discharged on December 21. Whatever may be said of the sufficiency of his excuse for the original default, no excuse is shown for his subsequent delay. In view of all the circumstances to which we have alluded, and having regard as well to the defense sought to be set up, we cannot say the refusal to open was an abuse of discretion. On the contrary, so far as we can see, the discretionary power of the court was wisely exercised.

The order is affirmed, and the appeal dismissed at the costs of the appellant.