# Roth et al., Appellant, *v.* Pechin.

*Judgments—Opening judgments—Time — Judgment by default —Bankruptcy of defendant—Application for discharge pending— Sales—Fraud—Attachment.*

1. Courts are usually liberal in opening judgments for want of an appearance where a good defense or excuse is disclosed. There is no limitation of time to the power of a court to open a judgment entered by default for want of an appearance.

2. Where a sale of goods is induced by fraudulent representation as to the assets of the buyer, who subsequently became bankrupt, such fraud does not prevent the bankrupt from setting up his discharge in bar to an action for the purchase-price for the goods.

3. On the hearing of a motion to open a judgment entered by default for want of an affidavit of defense it appeared that the claim in question was to recover the value of goods alleged to have

been sold to defendant as the result of the latter's misrepresentations as to his financial condition. Plaintiff commenced a suit in assumpsit for the recovery of such amount. A year later defendant was adjudged a bankrupt, and a month thereafter applied for his discharge. While the decision on such application was pending the court stayed the proceedings in the suit in assumpsit, at the instance of the defendant; after such stay plaintiff brought attachment proceedings in another county where property had been bequeathed to defendant and filed a statement of claim there and obtained judgment for want of an affidavit of defense. Three months later defendant took a rule to open the judgment. It appeared that the stay of proceedings in the first suit and the proof of the claim in the bankruptcy proceedings, might have misled the defendant, and further that defendant had no means to employ counsel. The judgment was thereafter opened and defendant let into a defense, the order of the court preserving the lien of the attachment. *Held,* no error.

Argued Feb. 4, 1918. Appeal, No. 243, Jan. T., 1917, by plaintiff, from judgment of C. P. Montgomery Co., March T., 1916, No. 59, opening judgment entered for want of affidavit of defense in case of Carl Herman Roth, Trading as H. Roth & Company, v. John W. Pechin. Before BROWN, C. J., POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Rule to open judgment.

The facts appear in the following opinion by SWARTZ, P. J.:

The plaintiff alleges that he sold and delivered to the defendant leather goods termed "bends," on February 11, 1913, and on February 21st of the same year. The bill amounts to $1,410.82.

The affidavit, in support of the attachment, under the Act of 1869, avers, that the defendant obtained the possession of the said goods by falsely representing his financial condition, and that he parted with all his personal property connected with his business at Front street and Fairmount avenue, Philadelphia, in violation of the provisions of the "Bulk Sales Act."

Under the attachment the sheriff levied on the moneys in the hands of the executors of William R. Pechin, deceased, who was the father of the said defendant. The attachment covered the interest of the defendant in the estate of his said father.

The plaintiff brought an action in assumpsit for the said sum of $1,410.82 in the Court of Common Pleas, No. 3, of Philadelphia, on September 13, 1913. The defendant filed his affidavit of defense in that suit.

On August 4, 1914, the defendant was adjudged a bankrupt, in the District Court of the United States for the Eastern District of Pennsylvania. On September 11, 1914, he filed an application for his discharge. The plaintiff proved this same claim in the bankruptcy proceedings.

On March 17, 1915, the defendant applied to the said court in Philadelphia, for a stay of proceedings in the case pending in Court No. 3. The court granted the stay.

After this stay the plaintiff, on January 6, 1916, brought the present attachment proceedings in this court. The sheriff served the writ on the garnishee, the Penn Trust Company, one of the executors of the estate of William R. Pechin, deceased, on January 8, 1916, but returned nihil habet as to the defendant, John W. Pechin.

The plaintiff filed his statement in this court, on October 24, 1916, and on November 13, 1916, took judgment against the defendant for want of an appearance.

On February 14, 1917, the defendant filed his application for a rule to open the judgment to allow him to make a defense. We granted a rule to show cause.

Depositions were taken by both parties.

The evidence shows that the defendant's application for his discharge, under the bankruptcy proceedings, is still pending and that objections were filed to his petition.

It is also shown that the defendant had knowledge of the attachment proceedings in this court, as early as January 21, 1916, that upon that day he filed a petition in the Philadelphia suit in which he stated that an attachment proceeding had been brought in the Montgomery County Court, notwithstanding the stay entered in the Philadelphia case.

The defendant also sets up various defenses to the action pending in this court. First, the failure to serve the writ upon him, notwithstanding his continuous residence in Philadelphia. Secondly, the pending suit in Philadelphia and the pending application for discharge in the bankruptcy court. Thirdly, the proof of the plaintiff's claim in the bankruptcy proceedings. And fourthly, his defense on the merits of the case.

He purchased 1,500 belting butts from the plaintiff and only 300 were delivered. He bought 1,200 butts in the open market, at the ruling price and paid $1,108 in excess of the contract price with the plaintiff. He also purchased rub sheets from the plaintiff which were not furnished. There was a loss to the defendant from this breach of the contract. He claims loss on the 300 belting butts that were furnished because the quality was inferior to that of the sample. He used these butts and paid the bill to the plaintiff.

The depositions do not furnish a satisfactory answer for the failure to supply the 1,200 butts. The evidence at the trial may show a sufficient excuse. The defendant should have an opportunity to present this defense unless his default is without excuse. True, the set-off arises under a prior sale made by the plaintiff and not under the contract upon which suit is now brought, but the transactions between the plaintiff and defendant continued during a long term, so that one order for goods cannot well be separated and treated as independent from the others. The letters passing between the parties referred to both contracts. But unliquidated damages arising, ex contractu, from any bargain may

be set off under our Dafalcation Act, whenever they are capable of liquidation by any known legal standard: Hunt v. Gilmore, 59 Pa. 450. The measure of damages, for failure to deliver to the vendee, is well established, especially so where the article can be purchased in the open market.

We are not now referring to the defendant's alleged loss of profits, because of sales made to others of the articles purchased but never delivered by the plaintiff. It may well be that such loss cannot be introduced into this case: Clyde Coal Co. v. Pittsburgh & Lake Erie R. R. Co., 226 Pa. 391.

We think some excuse for the delay may be found in the fact, that there was no service, although the judgment may have been legally entered under the provisions of the statute. The stay of the proceedings in the Philadelphia court on a suit to collect the same claim and the fact that the plaintiff proved his debt in the bankruptcy proceedings may have misled the defendant into the belief that the case in this court required no supervision. He had disclosed fully his defense, on the merits, in the Philadelphia action. He was a bankrupt and claims he had no means to employ counsel. He contends it was the duty of the trustee in bankruptcy to protect his estate. Courts usually are liberal in opening judgments entered for want of an appearance, where a good defense or excuse is disclosed. This liberality is indicated, when the court declares, that such application to open is not limited to the term at which the judgment was entered: Riegel v. Wilson, 60 Pa. 388, p. 36. "In the nature of the case, there is not and ought not to be any limitation of time to the power of the court to open a judgment entered by default for want of an appearance": Breden v. Gilliland, 67 Pa. 34.

There was no serious delay in this case. The judgment was entered a few days before the end of the October term and the application to open was made during the next term. Upon a careful consideration of all the

circumstances disclosed we are of opinion that the judgment should be opened to let in the defendant's defense.

We are not convinced that the proceeding in Montgomery County was irregular because of the pending suit in Philadelphia for the same debt.

In the action before us, the plaintiff sought to attach property so that he might acquire a lien thereon. The scope of the suit was not the same as in the Philadelphia action. An attachment proceeding is a collateral process and not a multiplication of suits against the debtor: Kase v. Kase, 34 Pa. 128.

Where a plaintiff proves his claim in the bankruptcy court, can he bring a suit for the same claim, in the State court, against the bankrupt after the latter has filed an application for his discharge?

In the prior bankruptcy laws, there was a provision that such proof of a claim was a waiver of any action against the bankrupt: Cook v. Coyle, 113 Mass. 252. The same provision is not found in the existing bankruptcy act.

Where the discharge in bankruptcy would constitute a bar to any further proceeding on the claim and an application for such discharge is pending the State courts are careful to protect the bankrupt's rights until the question of his discharge is determined.

The plaintiff's claim, in the suit before us would be barred by a discharge in bankruptcy. This was a controverted matter for some years, but in Crawford v. Burke, 195, U. S. 176, it was clearly decided, that in a sale of goods, although the property was purchased under a misrepresentation of the assets of the buyer, such fraud would not prevent the bankrupt from setting up his discharge as a bar to an action for the price of the goods. See also Harrington & Goodman v. Herman, 72 S. W. Repr. 546.

We see no reason why the plaintiff should not be protected in obtaining his lien on this after-acquired property, in the hands of the garnishee, so that he may pursue

the same should the defendant fail in obtaining his discharge. He now has his lien and the opening of the judgment will not destroy his preference, if he can establish his case.

Whether there is any right to prosecute his suit to judgment, at this time, before the question of the defendant's discharge is settled, we need not now decide. There would seem to be no special need for such judgment at this time.

We referred to the rule of law that the bankrupt's interests are protected in the State courts so as not to deprive him of the privileges which the act intended to confer, because we regard this precaution as an additional reason why the status of the after-acquired property of the defendant should not be disturbed beyond the protection of the plaintiff's lien. This lien, as already stated, we can protect in our opening order. It is also important to note that if the defendant obtains his discharge then the plaintiff has no right of action under his pending suit in this court, although this is a question not now before us, and it is not necessary that we should pass upon the same except for the reasons already given.

The lower court opened the judgment and let the defendant into a defense, and ordered that the lien of the attachment should still continue. Plaintiff appealed.

*Error assigned,* among others, was the order of the court.

*Matthew Randall,* with him *Frank J. Bradley* and *Alex. M. DeHaven,* for appellant.

*Louis Goodfriend, Joseph S. Kratz* and *Joseph H. Brinton,* for appellee, were not heard.

PER CURIAM, March 4, 1918:

The learned court below committed no error in opening the judgment taken by the appellant against the ap-

pellee by default. If the former is entitled to judgment against the latter, he is protected by the lien of his attachment, which is preserved by the order of the court.

Appeal dismissed at the cost of appellant.