# Galligan, Appellant, *v.* Heath et al.

*Mortgages—Consideration—Parol evidence — Contemporaneous
oral agreement—Subsequent acts of parties—Evidence—Admissi-
bility—Case for jury—Collection fee—Recovery of fee—Reason-
ableness.*

1. Upon a scire facias sur mortgage, which on its face was to
secure the sum of $3,500, the defendant offered evidence to the
effect that the mortgage had been given for the purpose of obtaining
a loan of $2,500, under an oral agreement that $1,500 was to be re-
tained by the plaintiff in part payment for work performed for the
mortgagor's husband, and $1,000 was to be returned to the hus-
band, who was his wife's agent in the transaction; and that such
parol agreement was entered into between the plaintiff and the
mortgagor's husband at the time of the execution of the contract
relating to the mortgage, and was the inducing cause for the execu-
tion thereof; and that immediately after the execution of the mort-
gage plaintiff attempted to carry the terms of such parol agreement
into effect.  Plaintiff subsequently denied the existence of the parol
agreement.  The trial judge admitted in evidence a paper subse-
quently executed by the mortgagor's husband, at plaintiff's request,
in which reference was made to the fact that only $1,500 was due
plaintiff on the mortgage; and the purchaser of the property
testified that plaintiff had stated that that was the amount due.
The jury found a verdict for the plaintiff for an amount repre-
senting the $1,500 and interest.  *Held,* (1) evidence of the contem-
poraneous parol agreement and of the paper subsequently executed
was properly admitted, (2) the mortgagor's husband was a com-
petent witness, and (3) the case was for the jury and plaintiff's
motion for judgment n. o. v. for the full amount of the mortgage
was properly refused.

2. In such case where the jury failed to allow plaintiff the col-
lection fee in the mortgage, the court did not err in making an
order providing that if defendant did not file a stipulation for such
an amount within fifteen days, a new trial would be awarded.

3. In such case a collection fee of five per cent. was reasonable
and proper.

458      GALLIGAN, Appellant, *v.* HEATH et al.

Argued Feb. 4, 1918. Appeal, No. 245, Jan. T., 1917, by plaintiff, from judgment of C. P. Montgomery Co., June T., 1916, No. 38, on verdict for plaintiff in case of Andrew B. Galligan v. J. Clyde Heath, Mortgagor, and E. Newton Wigfall, Real Owner. Before BROWN, C. J., POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Scire facias sur mortgage.

The facts appear from the following opinion by SWARTZ, P. J.:

We examined the reasons for a new trial with great care, and we are not convinced of any error in our rulings at the trial or in the charge to the jury that calls for retrial of the cause.

The questions raised in the motion for a new trial all relate to matters that were fully considered during the trial or in the charge to the jury.

The case was carefully tried by the counsel for the respective parties. The rulings were made after hearing argument. The charge was very elaborate and covered the various phases of the disputed facts. And the application of the law was made to the facts, as the jury might find them, either for or against the plaintiff.

Counsel for defendants still contends, that we were in error in holding that the defense involved an undertaking to change or modify, by parol evidence, a written instrument.

It is true, that in effect the defendants offered to show that there was no consideration for the mortgage, and that the paper was executed for the purpose of raising money on the same for the use of the plaintiff and for Washington L. Robins. It is claimed, that under such conditions there was nothing due on the mortgage until it was shown that money was actually advanced on the same: Mullisen's Est., 68 Pa. 212. There is much force in this contention. Still the plaintiff, as admitted by the defendants, accepted the mortgage to enable him to

obtain $1,500 on account of his claim against the said Washington L. Robins. The bond which was secured by the mortgage was an obligation to pay $3,500 to the plaintiff. The alleged parol contract was in conflict with the terms of this written obligation.

Even if we were in error, the mistake, if any, was made in favor of the plaintiff. We are satisfied, that if this was a case involving the modification of a written agreement then the defendants made out a case which required us to submit to the jury the inquiry whether, in fact, there was a parol contract which modified the provisions of the mortgage.

That Mr. Robins was a competent witness cannot well be disputed. He was the representative of his wife who held the legal title to the premises mortgaged. The plaintiff dealt with him throughout all the transactions, as the agent for the wife. Every paper in evidence relating to the interests of the wife was signed by the husband, as the representative of the wife. The parol agreement testified to by Mr. Robins was the contract of the wife, and the plaintiff dealt with him as such representative. Even the contract which the plaintiff testified to, relating to the mortgage of the wife's property, was made with Mr. Robins. Mrs. Robins was admittedly the real owner of the mortgaged house and lot. J. Clyde Heath was but a straw man to hold the legal title in her interests. Mr. Galligan, the plaintiff himself, so testifies.

Mr. Robins was the party who made the contract relating to the mortgage and of course he was competent to show what was said and done when the paper was executed. He declared that the terms were fixed and agreed upon, and that the conversations relative to the terms continued to the time of the execution of the papers. He swears, that it was a subsisting contract well understood between them at the execution of the mortgage, and that the parol agreement induced the signing of the papers. He further declared that the plaintiff,

at once, attempted to carry out the terms of the contract in full accord with the parol agreement, that he tried to pledge the mortgage with a trust company to raise the money, and that the blue paper was signed by Mr. Robins to aid the plaintiff to carry out the parol agreement. This paper, in part at least, corroborates the parol contract testified to by Mr. Robins.

The reference to the $1,000 in this paper cannot be explained on any other reasonable theory than the existence of the alleged parol agreement. The evidence of Mr. Wigfall accords with the testimony of Mr. Robins. He could not remember the words used by the plaintiff, but, in effect and in substance, they assured him, that the contention of Mr. Robins was confirmed and that only $1,500 were due on the mortgage. Corroborating circumstances are found in the actual state of the account between the plaintiff and Mr. Robins at the time the mortgage was made, in the failure to turn back the promissory notes, if, in fact, the mortgage was taken in payment of them, in the blue paper, already referred to, in the agreement of July 16, 1915, in which there is a reference to this mortgage of $3,500 in these words: "Whereas Andrew B. Galligan holds for Galligan Brothers, as security for the balance due on certain indebtedness, a mortgage of $3,500" in the agreement to satisfy this mortgage upon the payment of $1,500, in the failure to demand interest upon the mortgage, as a subsisting debt, for one year after it was executed as well as in other matters found in the testimony.

We were careful to limit the admission of the agreement of July 16, 1915, for the single purpose of throwing light upon the existence of a parol contract. Acts and declarations of the parties, subsequent to the time of an alleged agreement, are always competent, so far as they may tend to corroborate or disprove the existence of such parol contract. Our rulings, as well as the charge to the jury, again and again, repeated this limitation. The only item in this agreement of July 16, that was de-

veloped related to the $225 for roughing-in the plumbing and heating of the house on lot No. 56. The inquiry was ·proper, for apparently this amount was in conflict with the plaintiff's evidence that he charged $1,700 for roughing-in the four houses. It was explained by the plaintiff and his explanation corroborated his prior testimony. He was not prejudiced by this evidence.

What we said in our charge about the defendant Wigfall being an interested witness was not improper. We said, in effect, that under the contract of purchase Mr. Wigfall was told by Mr. Robins that there was due on the mortgage but $1,500. Of course if he was compelled to pay $2,000 in addition to the plaintiff he would have a claim against the owners who misrepresented the amount of the existing liens. Counsel for plaintiff contended, in his argument to the jury, in effect, that Mr. Wigfall as a creditor of Mr. Robins, was trying to obtain payment of his claim by this real estate deal and at the loss of the plaintiff. It was in this connection that we reminded the jury, that the amount due on the mortgage was the issue before them, and that Mr. Wigfall should not be compelled to pay money on the mortgage that was not due, upon the theory that he might be able to recover it back from others. We said "it is one thing to be compelled to pay out money and another to get it back."

We do not deem it necessary to consider any of the other reasons for a new trial. The notes of testimony and the charge of the court are, in our opinion, a sufficient answer to the allegations of mistake or error. We shall allow the record of the trial to indicate our rulings and the charge as well.

There is one matter, however, in which the jury, in our judgment, acted arbitrarily and without any justification. We refer to their failure to allow, as a part of the verdict, the collection fee named in the mortgage. The defendants contended that there was nothing due on the mortgage. There was no evidence of any specific tender of $1,500. The suit was apparently necessary to

recover the $1,500 which the jury found was due on the mortgage. The collection fee is included within the contract, just as much so as the debt and its interest: p. 80. "It is the agreed compensation for expenses incurred by the mortgagee in consequence of the default of mortgagor": Robinson v. Loomis, 51 Pa. 78. The commission belongs to the creditor and must be included in the judgment: Daly v. Maitland, 88 Pa. 384.

The compensation, at five per centum, is reasonable. It is not excessive, when we consider the necessary services of counsel for plaintiff.

This collection fee should be added to the judgment. We are not pointed to any evidence that justifies a refusal of such allowance. Unless the defendants will file a stipulation within fifteen days, that this sum, to wit, five per centum on $1,704, or $85.20, shall be added to the verdict a new trial will be granted. Upon such agreement being filed we shall dismiss the exceptions and direct that judgment be entered on the verdict of the jury including the said sum of $85.20.

The motion for judgment, non obstante veredicto cannot be granted. If the case was a proper one for submission to the jury, as we have found, it then follows that judgment cannot be entered in favor of the plaintiff for the amount named in the mortgage so long as we adhere to our opinion.

From the record it further appeared that there was evidence that the blue paper referred to in the opinion was signed by Robins at the plaintiff's request, for the purpose of showing that there was consideration for the mortgage.

The lower court dismissed plaintiff's motion for judgment n. o. v. Plaintiff appealed.

*Errors assigned,* among others, were various rulings on evidence in refusing plaintiff's motion for judgment n. o. v.

*Edgar N. Black,* with him *Monroe H. Anders,* for appellant.

*Aaron S. Swartz, Jr.,* with him *John M. Dettra, Samuel H. High,* and *Montgomery Evans,* for appellees.

PER CURIAM, March 4, 1918:

The learned court below could not have directed a verdict for the plaintiff, as requested by his first and second points. The question of fact for the jury, under the evidence, was as to the amount he was entitled to recover on his mortgage, and, as that has been established by the verdict, the judgment on it is affirmed.