## McDowell National Bank of Sharon, to use, *v.* Rosenblum, Appellant.

Argued April 14, 1938. 

 Before KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ. 

*Sidney E. Rosenblum,* for appellant.

*Leo H. McKay,* with him *C. E. Brockway,* of *Brockway, Whitla & McKay,* and *Nathan Routman,* for appellees.

OPINION BY KELLER, P. J., July 15, 1938:

This is an appeal by a defendant from the order of the court below refusing to open a confessed judgment and let him into a defense. The order will be affirmed.

The facts are somewhat complicated but may be stated as follows:

McDowell National Bank, the legal plaintiff, lent the defendant $6,000,—which he used for his own purposes—, and took his judgment note therefor. The note was guaranteed by four men, who composed the firm of Nathan Rosenblum & Co. On April 4, 1931, when the principal of the note had been reduced to $4,600, the guarantors paid this amount, took an assignment of the note to Nathan Rosenblum & Co., and entered judgment on the note to No. 792 January Term, 1931, for $6,300 ($6,000, plus 5% attorney's commission), crediting payments on the principal amounting to $1,400. On July 27, 1934 the use plaintiffs issued a writ of fieri facias on the judgment and levied on the defendant's real estate. There were three prior liens on the real estate, all of which were discharged by the sheriff's sale held September 4, 1934. The real estate was bought in by plaintiffs' attorney for $15,000. This amount paid in full the first, second and third liens and left a balance of $5,543, to be applied on the fourth lien—the judgment in suit—, of which, by the sheriff's schedule of distribution, $943 was applied to interest and $4,600 to principal, thus paying all of the judgment but a sum equivalent to the attorney's collection fee of 5% ($230) authorized in the warrant of attorney. No exceptions were filed to the sale or to the schedule of distribution and the deed was duly acknowledged and delivered.

On April 3, 1936 plaintiffs issued a scire facias to June Term 1936, No. 177, to revive the lien of the judgment remaining unpaid, to wit, $230. To this defendant filed an affidavit of defense, which the court, on January 27, 1937, following a rule for judgment for want of a sufficient affidavit of defense, adjudged insufficient and entered judgment for the plaintiffs. Defendant did not appeal from this judgment, but on April 22, 1937 filed a petition to open the original judgment entered to 792 January Term 1931, and let him

into a defense, on the ground that an oral agreement had been entered into contemporaneously with the execution of the guaranty of defendant's note, under which it was agreed that the said note would be paid at the rate of $100 per month from the defendant's share of the income of a certain building, as long as income was available, and that execution had been issued as aforesaid in violation of the terms of that agreement. The court refused to open the judgment or grant a rule to show cause, and the defendant appealed.

(1) We agree with the learned court below that the case is ruled squarely by the decision of the Supreme Court in *Speier v. Michelson,* 303 Pa. 66, 154 A. 127, where the present Chief Justice fully reviewed the history of the parol evidence rule in Pennsylvania and held that an alleged oral agreement, which attempts to limit the source or fund from which payment of a note is to be made, does more than vary or modify the written instrument, and, in effect, destroys it; and that such an oral agreement cannot be set up as a defense to the note unless it is averred and shown it was omitted from the note by fraud, accident or mistake, citing *Citizens National Bank v. Wisecarver,* 300 Pa. 60, 150 A. 103. No averment of fraud, accident or mistake in the drawing of the note, or in the guaranty of its payment, was contained in this petition.

The case of *Speier v. Michelson,* which adhered to the principles re-established in *Second National Bank v. Yeager,* 268 Pa. 167, 111 A. 159; *Gianni v. Russell,* 281 Pa. 320, 126 A. 791; and *First National Bank v. Sagerson,* 283 Pa. 406, 129 A. 333, has been followed in the latest decisions of the Supreme Court. See *Germantown Trust Co. v. Emhardt, (No. 1),* 321 Pa. 561, 565, 184 A. 457; *Rosenblum v. Rosenblum,* 313 Pa. 49, 169 A. 79; *Russell v. Sickles,* 306 Pa. 586, 591, 160 A. 610; *Richards v. Integrity Trust Co.,* 317 Pa. 513, 177 A. 28.

(2) We are also in accord with the learned counsel for the appellees, that defendant's laches bars him from obtaining the equitable relief which he seeks; for a petition to open a judgment is essentially an equitable proceeding and is governed by the principles of equity: *United States Savings & Trust Co. v. Helsel,* 325 Pa. 1, 188 A. 167; *Sferra v. Urling,* 324 Pa. 344, 346, 188 A. 185; *George v. George,* 318 Pa. 203, 206, 178 A. 25; *Lawrence v. Smith,* 215 Pa. 534, 536, 64 A. 776; *Charles D. Kaier Co. v. O'Brien,* 202 Pa. 153, 160, 51 A. 760; *Jenkintown Nat. Bank's Appeal,* 124 Pa. 337, 344, 17 A. 2; *Baker's Est. v. Woodworth,* 130 Pa. Superior Ct. 452, 454, 198 A. 469.

On the question of defendant's laches, the case of *Horn v. Witherspoon,* 327 Pa. 295, 297, 192 A. 654, is conclusive against him. Nothing need be added to the discussion of the subject by Mr. Justice DREW. The application to open the judgment in this case was not made until over six years after it was entered and more than two and a half years after the sale of defendant's real estate and the distribution of the proceeds to the use plaintiffs, by virtue of which the judgment was paid and satisfied except as to $230, equivalent in amount to the attorney's commission. The petition to open did not dispute that the defendant owed the full amount of the judgment as entered.

The inclusion of the attorney's commission as part of the judgment was proper: *Harper v. Consolidated Rubber Co.,* 284 Pa. 444, 448, 131 A. 356; *Galligan v. Heath,* 260 Pa. 457, 461, 462, 103 A. 878.

Order affirmed.