## Hillegass v. Rhinesmith

*James G. Lanshe,* for plaintiff.

*Tallman & Walker,* for defendant.

DIEFENDERFER, J., June 26, 1950.—A petition to dissolve a foreign attachment was filed on March 20, 1950. The property involved was a DeLuxe Midget V8-60 racing car.

There had been prior to the foreign attachment, a former proceeding at June term, 1949, no. 194, based upon a fraudulent debtor's attachment. On March 6, 1950, the court dissolved the fraudulent debtor's attachment and the car was ordered returned to defendant. On March 4, 1950, prior to the handing down of the aforesaid opinion, plaintiff instituted the action in foreign attachment. On March 6, 1950, the writ was served by the sheriff on the Town Auto Company of Allentown, Pa., attaching the car.

The question arises: Should a foreign attachment be dissolved when plaintiff denies that defendant is the owner of the property attached; and secondly, whether or not after a fraudulent debtor's attachment has been dissolved and the attached property ordered to be returned to defendant, plaintiff can have the same property attached by foreign attachment without first paying the costs and storage charges in the former proceeding?

Plaintiff built an auto racing car for defendant, who is indebted in a disputed sum in the amount of $2,255.70 for work done and materials supplied in the construction of the car.

The two prerequisites to the issuance of a foreign attachment against a nonresident person (or persons)

are: (1) Defendant's nonresidence in the Commonwealth, and (2) the presence of defendant's property, real or personal, within the jurisdiction of the court—that is, within the county—at the time of serving the writ: 10 Standard Pa. Practice 274.

As to the first of the two prerequisites, it is clearly admitted by both plaintiff and defendant that defendant, Rhinesmith, is not a resident of the Commonwealth of Pennsylvania; that being so, the question whether the writ would lie turns on defendant's ownership of the property within the jurisdiction of the court at the time the writ was issued.

Defendant Rhinesmith throughout the entire proceedings—both the fraudulent debtor's proceeding and the foreign debtor's proceedings—claimed title to and ownership of the midget racer. In the fraudulent debtor's proceedings plaintiff did not challenge defendant's title and ownership but in the foreign debtor's proceedings plaintiff denied ownership on the part of defendant because, until payment in full by defendant to plaintiff of the balance due and owing by defendant to plaintiff for and on account of the work done and material furnished in the construction of the racer, defendant is not entitled nor has he received (or even requested) a bill of sale for the car. Plaintiff certainly has an equity in the car which deprives defendant of full legal title thereto.

Because defendant admittedly is a nonresident and because he claims title and ownership to the midget racer and because the racer was within the jurisdiction of the court at the time of the seizure under the writ of foreign attachment, all prerequisites to the issuance of the writ have clearly been established and the writ therefore cannot be dissolved on that basis.

The object of a writ of foreign attachment is to compel the appearance of defendant and where plaintiff

alleges in his affidavit of claim the requisite jurisdictional facts, the writ should not be dissolved. Defendant's argument that plaintiff made inconsistent statements in his answer is untenable in the face of defendant's claim of ownership.

In Raymond v. Leishman, 243 Pa. 64, the court stated as follows:

"Foreign attachment under our statute is the equivalent of a summons for commencement of a personal action. . . . It is a process by which to commence a personal action and compel an appearance. The foundation for the writ is that the defendant is beyond the reach of process and his property within it. . . . The purpose of the statute is to compel the constructive presence in court of the defendant who by reason of his absence from its jurisdiction without a dwelling place therein cannot be served with a summons. . . . In construing the statute authorizing the issuance of the writ, its object should be kept in view so as to accomplish the intended purpose."

Secondly, may a foreign attachment issue when there is another attachment or an action in personam pending against defendant in the same cause of action?

In the first place it must be remembered that the proceeding by attachment under the Fraudulent Debtors Act of March 17, 1869, P. L. 8, *is a personal action*. As early as the case of Liebeman v. Hoffman, 2 Pa. 211, it was held that such proceeding is to be regarded as a personal action. In the class of cases to which the act applies, the attachment is intended to secure plaintiff by a lien in advance of judgment, but the efficacy of that security depends on the recovery of a final personal judgment.

In the case at bar, defendant, Rhinesmith, was personally served in Lehigh County with the fraudulent debtor's attachment and the action is thus to be regarded as a personal action.

A subsequent foreign debtor's attachment may issue even though another attachment or a suit in personam or personal action is pending by plaintiff against defendant on the same cause of action: Stockham v. Boyd, 9 Sadler 288; Harkinson v. Harkinson, 16 Dist. R. 363.

In Roth v. Pechin, 260 Pa. 450, 455, the court held that an attachment proceeding *is a collateral* process and not a multiplication of suits against the debtor.

Attachment proceedings are used for the purpose of attaching and holding property so that a creditor may acquire a lien thereon, and attachments are collateral processes to the regular actions between the same parties for the same debt or duty, and are not incompatible with them. See Kase v. Kase, 34 Pa. 128.

Two remedies in the nature of attachment for the same cause are not inconsistent; they look to the accomplishment of the same purpose; although there may be two recoveries, there can only be one satisfaction. A recovery of judgment in one of the actions will extinguish the right to recover on the judgment secured in the other proceeding: 10 Standard Pa. Practice 192 and 193, sec. 4.

The court is, therefore, of the opinion that in view of all of the circumstances connected with this case and in spite of the inconsistent statements, the sole question to be finally determined is how much is due and owing to defendant by plaintiff for the custody of his car. Plaintiff is entitled to his attachment in order to protect his claim and the sooner the case is brought to a head on the merits the better it will be for both parties.

And now, June 26, 1950, it is ordered and decreed that the petition to dissolve the attachment is denied. Costs are to follow the final disposition on the merits of the case.