Baraonfski, Appellant, *v.* Malone.

Argued September 30, 1952. Before STERN, STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*Allen N. Brunwasser,* for appellant.

No argument was made nor brief submitted for appellee.

Opinion by Mr. Chief Justice Horace Stern, November 10, 1952:

There are two reasons why the defendant in this case was not entitled to have the judgment opened which had been entered against him by default. The one is that he did not establish any adequate excuse for his failure to appear and defend the action. The other is that he failed to make timely application for the relief which he sought.

It appears from the scanty record presented to us on this appeal that plaintiff, having been struck by an automobile driven by defendant, brought the present action for damages on June 4, 1951, that defendant was personally served by the sheriff with a summons on June 12, 1951, that judgment was entered against him on July 17, 1951 for want of an appearance, and that he received notice of the judgment by registered mail on October 13, 1951 together with the term and number of the suit and the date listed for the trial to assess damages. It further appears that a trial for that purpose was held on January 14, 1952, that defendant did not appear, and that, after hearing plaintiff's testimony, the jury returned a verdict in her favor in the sum of $10,000, on which a final judgment was entered on February 18, 1952. Shortly thereafter an attorney engaged by defendant requested plaintiff's attorney to "wait until the matter was settled with the insurance company or a plan for settlement made." On February 20, 1952, defendant conveyed a property owned by him to his son. On February 29, 1952 a writ of fieri facias was issued and a levy made on defendant's personal property; his attorney then made plaintiff's attorney an offer of settlement which was ac-

cepted, but payment was not made in accordance therewith although meanwhile the levy had been removed because of the agreement. On April 1, 1952 an alias writ of fieri facias was issued attaching defendant's realty, which was thereupon condemned and advertised for sale. On May 5, 1952 defendant filed a petition to open the judgment against him; plaintiff filed an answer, some depositions were taken, and the court below opened the judgment, stayed execution, and granted permission to defendant to make a defense. From that order plaintiff now appeals.

Defendant's petition alleged that he received in the accident severe injuries about the head and body and that he has had a lapse of memory and consciousness which disabled him from transacting "routine business or of comprehending the significance of various pleadings and other notices"; it also averred that the accident was not due to any negligence on his part, but was "caused solely by a fainting . . . which came upon him suddenly without warning," caused by hypertension or high blood pressure. To support these allegations the deposition was taken of Dr. D. I. Jamison, who testified that he examined defendant a number of times during the week of April 17, 1952, (which, it will be observed, was almost a year after defendant's failure to file an appearance in the suit) and found that defendant had high blood pressure, osteo-arthritis of the spine, and a carotid sinus syndrome; because of these conditions, he thought that defendant might possibly have had some spells of amnesia but there was no appearance of amnesia during the period of his examination and he admitted that he could not say definitely whether defendant had in fact suffered any amnesia at any time after June 12, 1951. As against this vague and speculative medical testimony it appears that defendant engaged counsel shortly after the rendi-

tion of the verdict and issuance of the fi. fa., that defendant consulted this lawyer with a view of having the levy released on his personal property, and that he had enough "consciousness", two days after the entry of the judgment on the verdict, to deed away a property to his son. Defendant offered no testimony of his own as to having had any lapses of memory which prevented his giving attention to the suit, nor did he present any reason for his failure to appear in response to the original summons or at the time of the jury trial. The record is wholly barren of any evidence, therefore, sufficient to justify the opening of this default judgment, and we cannot but conclude that the court below abused its discretion in holding otherwise. Moreover, and apart from all other considerations, defendant lost any possible right to equitable relief because of his delay in seeking it. It is true that a court has the *power* to open a judgment by default (as distinguished from a judgment adversely rendered) even after the expiration of the term in which it was entered: (*Breden v. Gilliland, Executor,* 67 Pa. 34; *King v. Brooks,* 72 Pa. 363; *Roth v. Pechin,* 260 Pa. 450, 454, 103 A. 894, 896; *Richey v. Gibboney,* 154 Pa. Superior Ct. 1, 7, 34 A. 2d 913, 915.) But the application for that purpose must be made without unreasonable delay or else the relief sought is barred by laches: *Horn v. Witherspoon,* 327 Pa. 295, 192 A. 654; *Pinsky v. Master, Admrx.,* 343 Pa. 451, 23 A. 2d 727; *Quaker City Chocolate & Confectionery Co. v. Warnock Building Association,* 347 Pa. 186, 190, 32 A. 2d 5, 7; *Leibowitz v. Walker,* 48 Pa. Superior Ct. 416; *McDowell National Bank of Sharon v. Rosenblum,* 132 Pa. Superior Ct. 48, 52, 200 A. 679, 680; *Brown & Bigelow, Inc. v. Borish,* 165 Pa. Superior Ct. 308, 312, 67 A. 2d 823, 826; *Kogen v. Horowitz,* 169 Pa. Superior Ct. 349, 82 A. 2d 530. Here the petition to open the judgment

was filed almost ten months after entry of the judgment although defendant was represented during several months of that period by counsel who, as previously stated, discussed and apparently agreed upon a settlement of the case, and plaintiff was lulled into issuing two successive writs of fieri facias and expending the costs of condemnation and advertisement of defendant's realty for sale.

While, therefore, in our opinion, the court erred in opening the default judgment and admitting defendant to a defense on the merits, a wholly different question arises by reason of the fact that the court considered the verdict of $10,000 excessive, pointing out that the trial judge had made a notation on his notes of the trial that he had "expected" a verdict of "somewhere between $1000 and $2000;" the court stated that the trial of the case had occupied only a few minutes, and that plaintiff herself was the only witness and there was no medical testimony. Pa. R. C. P. 1047 effected an abolishment of the old writ of inquiry before a sheriff's jury and provided instead that where a default judgment has been entered against a defendant for want of an appearance the damages shall be assessed at a trial at which the issues shall be limited to the amount of the damages; such assessment is a proceeding ancillary to, but distinctly apart from, the entry of the judgment by default. It was within the well-recognized discretion of the court, if it deemed the assessment excessive, to have the proper amount determined by a new trial granted solely for that purpose, but the need for that corrective did not furnish justification for disturbing the default judgment itself. Accordingly we make the following

### ORDER

The order of the court below opening the default judgment and permitting defendant to make a defense is

484

vacated. The assessment of damages is set aside and a new trial is granted to defendant at which the issue shall be limited to the amount of the damages.