## Rapoch v. Rotella, etc.

*Michael P. Keegan,* for plaintiff.

*John A. Morano* and *Joseph McDonald,* for defendant.

EAGEN, J., February 15, 1954.—In this case we have a petition to open the judgment entered for failure to enter an appearance or file an answer to the complaint. The request will be granted.

Plaintiff's automobile and defendant's automobile were in a collision. Plaintiff sued for property damages and the complaint was served April 3, 1952. The judgment involved was entered June 17, 1952. Damages were assessed by a jury on September 25, 1952, and a final judgment was entered upon the verdict

October 8, 1952. Plaintiff's attorney notified defendant by letter of the verdict on October 8, 1952. The petition to open was filed October 21, 1952.

At the time of the accident, plaintiff's automobile was covered by a policy of liability insurance. Defendant's automobile was covered by a policy of collision insurance. On November 14, 1951, suit was instituted by defendant's insurance company in the names of Frank Rotella and Rose Rotella v. Frank J. Rapoch, plaintiff herein, for property damage to protect the subrogation rights. On March 15, 1952, the attorney representing defendant's insurance carrier wrote the Rotellas that the action involving the automobile collision was being settled. On April 7, 1952, the same attorney wrote the Rotellas that the lawsuit had been settled and on April 18th he wrote them again enclosing a draft to be endorsed which was in settlement of the claim.

While the letters referred to above were not intended to and did not refer to the lawsuit or claim herein, defendant innocently was of the opinion that it did. Hence, she ignored the complaint filed in this case and the notice thereon that it required an answer.

We fully understand how under the circumstances she was misled and how any lay person not knowing the mechanics of the law might fall into the same misapprehension.

An application to open a judgment is an equitable proceeding and rests in the sound discretion of the court. Petitioner must show a reasonable explanation for the delay in asserting his rights and also a meritorious defense to the action: Borjes v. Wich, 171 Pa. Superior Ct. 505. The court has power to open a judgment entered by default even after the expiration of the term: Baraonfski v. Malone, 371 Pa. 479.

In this case defendant acted within a reasonable time after notification of the verdict. If her version

of how the accident happened is correct, a meritorious defense exists.

Therefore, February 15, 1954, the rule to show cause is made absolute. The judgment is opened and defendant is allowed to enter a defense, an answer, if necessary, to the complaint, to be filed within 10 days.