**Philadelphia Acceptance Corp. v. Krapf**

*Martin N. Ghen,* for plaintiffs.
*John P. Koopman,* for defendants.

BIEHN, *J.,* March 19, 1984 — On or about August 30, 1982, defendants John L. Krapf, Jr. and his wife, Roseadell M. Krapf, executed a mortgage and note on their property at 29 Shelter Lane, Levittown, Bucks County, Pa. The mortgage and note were made to secure payment of an underlying business loan from plaintiff, Philadelphia Consumer Discount Company. From the time of the loan, September 28, 1981, for approximately one year, monthly payments were remitted by the Krapfs. Subsequent to November 3, 1982, however, no further payments have been made; therefore, on March 10, 1983, Philadelphia Consumer Discount Company filed this action in mortgage foreclosure. Thereafter, the Krapfs filed their answer and new matter to which Philadelphia Consumer Discount Company replied. After discovery was completed, the case was certified for trial and heard nonjury on December 7, 1983. No decision was rendered at that time in that the parties were attempting thereafter to negotiate a settlement. Those efforts failed, and a decision is hereby rendered.

The first issue raised by the parties is how prejudgment interest on the loan underlying the mortgage is to be calculated. Defendant argues based upon the language in the mortgage and note, the prejudgment interest must be calculated in the conventional manner, i.e., by giving them credit for payments made in reduction of principal and calculating interest upon the principal balance at the rate of 18 percent add-on per year. Plaintiff, however,

contends where the note provides a specific method for the calculation of interest where the borrower prepays (the Rule of 78s), the same method of interest calculation should be used when the borrower defaults.

Plaintiff bases its argument on paragraph 6 of the loan commitment letter. While defendant avers that letter should not be considered whatsoever in construing the mortgage because it was not signed by Mrs. Krapf, evidence establishes the mortgage, the note and the letter were all executed with respect to the same transaction, and, therefore, they all must be interpreted together in determining the effect of the mortgage even though they were not all made by the same parties, Housing Mortgage Corp. v. Allied Construction, Inc., 374 Pa. 312, 97 A.2d 802 (1953). The language of paragraph 6 of the letter provides as follows:

"6. The Borrower shall have no right of prepayment of diminution on interest for the first Six (6) Months, being Six (6) consecutive monthly payments. Anytime thereafter, Borrower may prepay the loan within Fifteen (15) Days written notice to the Lender, and Lender will rebate the unearned interest on the account using the Rule of 78s method of computation." On its face, this paragraph referring to the Rule of 78s computation of an interest only applies where there is a prepayment voluntarily made by the borrower. It does not apply by its terms to the calculation of interest in a situation where the loan is foreclosed because of default. Read in its entirety, the commitment letter is silent with respect to the question as to how interest is to be calculated in the event of default. For this reason the conventional method will be applied.

With respect to plaintiff's argument that custom should somehow result in the application of the

Rule of 78s to this loan even though the loan documents are silent on this issue, for evidence of custom to be admissible in construing a contract, it must be shown that such a custom was known to both parties to the contract, or so well-established, general and uniform, that the parties are presumed to act in performing the contract with reference to it. Lustig v. Facciolo, 410 Pa. 107, 188 A.2d 741 (1963). In this case, no evidence to sustain either condition was presented by plaintiff; and such conditions cannot be inferred on the face of the proceedings. Moreover, even were it granted an ambiguity exists regarding this issue, that ambiguity must be construed against plaintiff since it was solely responsible for drafting all the instruments in question. Associates Discount Corporation v. Gresinger, 103 F. Supp. 705 (1952); Contractor Industries v. Zerr, 241 Pa. Super. 92, 359 A.2d 803 (1976).

The parties also contest whether plaintiff is entitled to assess a default charge on all sums extended. Since the documents read together provide for a default charge, and 7 P.S. §6213 (k) confers upon plaintiff the right to collect the default charge at the rate of one and one-half percent per month, a default charge of that amount is allowed. See, Housing Mortgage Corp., supra.

The final question raised concerns the matter of attorneys fees provided for in the note at "20 percent of the amount due and owing to the defaulted note" which defendant now claims to be unreasonable and inconscionable considering the amount of attorney's time and effort involved in this case. Foulke v. Hatfield Fair Grounds Bazaar, 196 Pa. Super. 155, 173 A.2d 703 (1961).

While it has long been the law in Pennsylvania that the attorneys fee provided for in a mortgage is

the agreed compensation for expenses incurred by the mortgagee in consequence of the default of the mortgagor, Robinson v. Loomis, 51 Pa. 78 (1865); Galligan v. Heath, 260 Pa. 457, 103 A. 878 (1918); Foulke, *supra,* it is also well recognized "under some circumstances, a fee based upon the percentage of the principal due may be unreasonable, or even unconscionable." First Eastern Bank v. Thomas, 5 D.&C.3d 71, 72 (1977). The relevant circumstances the courts in Pennsylvania have taken into account in determining the reasonableness of a fee are as follows: The amount and character of the services rendered; the labor, time and trouble involved; the character and importance of the litigation; and the amount of money or value of property affected; the professional skill and experience called for; the standing of the attorney in his profession; the ability of the client to pay; and the pecuniary benefit derived from the services, Huffman Estate (No. 3), 349 Pa. 59, 36 A.2d 640 (1944).

In the instant case, ten percent of the original principal borrowed is a fair, equitable, and reasonable commission for the work performed, which included, inter alia, preparing and filing a complaint; response to new matter, routine discovery, a reasonably simple one-half day trial, and other ancillary duties involved in foreclosure on a mortgage.

Accordingly, the court makes the following

## ORDER

And now, this March 19, 1984, the court finds in favor of plaintiffs, Philadelphia Acceptance Corporation and Philadelphia Consumer Discount Company, and against defendants, John L. Krapf, Jr., and Roseadell M. Krapf, in the sum of $17.391.30, together with interest thereon from September 28,

1982 at the rate of 18 percent add-on per annum, together with a default charge at the rate of one and one-half percent per month from September 28, 1982, plus an attorney's fee of $2,028.98.

This decision shall be forthwith filed in the office of the prothonotary of this county and the prothonotary shall forthwith notify the parties or the attorneys of the respective parties of the date of the filing of the decision.

The prothonotary shall, on praecipe, enter final judgment on this decision if no exceptions have been filed within ten days after notice of the filing of this decision has been given.

## AMENDED ORDER

And now, this May 31, 1985, after oral argument on plaintiffs' exceptions to the decision of the trial judge, we reaffirm the reasoning of our decision of March 19, 1984 which is hereby incorporated by reference. However, the following order is substituted for the order attached to that decision.

The court finds in favor of plaintiffs Philadelphia Acceptance Corporation and Philadelphia Consumer Discount Company, and against defendants John L. Krapf, Jr., and Roseadell M. Krapf in the following sums.

(1) With respect to Philadelphia Acceptance Corporation, $17,391.30 together with interest thereon from September 28, 1982 at the rate of 18 percent add-on per annum, together with a default charge at the rate of one and one-half percent per month from September 28, 1982, plus an attorney's fee of $2,028.98.

(2) With respect to Philadelphia Consumer Discount Company, $4,841 together with interest thereon from November 3, 1982 at the rate of 22.73

percent add-on per annum together with a default charge at the rate of one and one-half percent per month from November 3, 1982, plus an attorney's fee of $500.